[L. A. No. 15593.   In Bank.—June 30, 1936.]

SIDNEY FISCHER, Petitioner, v. THE STATE BAR OF
CALIFORNIA, Respondent.

Sidney Fischer, *in pro. per.*, for Petitioner.

Philbrick McCoy for Respondent.

THE COURT.—This is a review of an order of disbarment for perjury and subornation of perjury. In 1931 Anna Hirsch sued Barrett Sigel for personal injuries and recovered judgment for $6,500. Petitioner was attorney for Sigel. The plaintiff was unable to satisfy the judgment, and filed an action against Sigel and others, including petitioner, to set aside alleged fraudulent conveyances. The case was dismissed as to petitioner, and judgment for plaintiff was given against other defendants. The testimony of

petitioner and of the defendant Leo Lewis before the superior court referee and at the trial was the basis for the present proceeding. It appears that shortly after the accident, Sigel transferred to Leo Lewis his business, worth about $8,000, and certain real property. Lewis immediately transferred them to a corporation organized by petitioner, with Sigel remaining in charge. The court in the fraudulent conveyance action found that these transfers were without consideration.

Petitioner's explanation of the transaction was that there was an antecedent debt owing from Sigel to Lewis, and that Lewis also paid $4,000 in cash, which he handed to petitioner, who kept it in his safe deposit box for several months, during which Sigel withdrew sums from time to time until the money was all paid. He stated that the receipt was thereafter destroyed. Before the administrative committee Lewis testified that he never put up any money, that there never was any such transaction as was described, and that he never took possession of the business or the other property. Lewis further declared that petitioner told him he might testify to the purported transaction before the court referee because it was not a regular court, and that after the fraudulent conveyance action was filed, petitioner told him that he was already in the illegal transaction and that he had better sign the answer which set up the purported transfers.

■ The committee recommended disbarment and the Board of Governors approved the recommendation. The findings and recommendation are based on the testimony of Leo Lewis, the testimony of Judge Kincaid, who tried the fraudulent conveyance action, and the improbability of petitioner's story of how the $4,000 payments were handled secretly, without bank deposits, and without the keeping of any records. We are of the opinion that the evidence sustains the findings and recommendation.

■ Petitioner contends that under section 1103a of the Penal Code and section 1968 of the Code of Civil Procedure, perjury cannot be proved without two witnesses or one witness and corroborating circumstances. But disbarment proceedings are not criminal in character, and there is no necessity of establishing a case sufficient to justify criminal punishment. Proof of misconduct involving moral turpi-

tude and justifying disbarment or other disciplinary action may be made by any evidence which is relevant and credible, and it is not necessary that it establish a particular crime within the rules governing conviction of criminal offenses.

It is ordered that the petitioner Sidney Fischer be and he is hereby disbarred from the further practice of the law in this state, and that his name be and it hereby is stricken from the roll of attorneys and counselors at law of the state of California, this order to become effective thirty days from and after the filing of this opinion.

A petition for a rehearing was denied on July 30th, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing herein is denied. Accompanying the petition herein for a rehearing, petitioner has requested this court to grant him permission to continue until its final disposition as an attorney in the case of *Bankline* v. *Lumber Co.*, an action which now is and for some time past has been pending in the Municipal Court of the City of Los Angeles. It appearing that he has been the attorney of record in said cause from its commencement, and it further appearing that financial loss to his clients, parties to said action, might result to them if he be not permitted to continue as their attorney, good cause appearing therefor, it is hereby ordered that petitioner be permitted and allowed to continue as said attorney in said cause until its final determination and conclusion. This order, however, shall not in anywise affect the order of disbarment heretofore made and affirmed by this court disbarring him from the practice of the law in this state, except in and as to the above-entitled cause.