[Sac. No. 4940.   In Bank.—July 22, 1936.]

E. C. BENNETT, Plaintiff, v. UKIAH FAIR ASSOCIA-
TION (a Corporation), Appellant; E. P. THURSTON
et al., Respondents.

Keith C. Eversole, W. H. Brunner and J. E. Pemberton
for Appellant.

Taft & Spurr and H. L. Preston for Respondents.

PULLEN, J., *pro tem.*—This is an appeal by the cross-
complainant, Ukiah Fair Association, from a judgment en-
tered against it after demurrer sustained and refusal to
amend.

Plaintiff E. C. Bennett was the owner and holder of a
mortgage on certain real property owned by the Ukiah
Fair Association, which property was also subject to a prior

44

deed of trust which had been assigned to Herma Bennett. Bennett, as mortgagee, commenced this action to require the trustees, who were then proceeding to sell under the deed of trust, to impound and hold for his benefit any and all funds received in excess of the amount required to discharge the deed of trust. The Fair Association, as owner of the property, filed a cross-complaint, naming as cross-defendants the trustees, respondents herein, wherein it requested a declaration of rights under the deed of trust and a decree restraining any sale of the property by such trustees upon the grounds they had not been properly substituted as trustees, and that they had improperly instituted proceedings to sell within ninety days after the publication of the notice of default and election to sell, and that any sale by such trustees would therefore be invalid and place a cloud upon its title. The trustees interposed a general demurrer to the cross-complaint which was sustained. Upon refusal of the cross-complainant to amend, judgment of default was entered against it on the cross-complaint. Thereafter the trustees proceeded with the sale under the trust deed, and plaintiff became the purchaser of the property at the trustees' sale.

The questions involved upon this appeal as stated by appellant are:

"1. Under a deed of trust conveying real estate as security for a promissory note, may advertisement of notice of sale begin two months and eleven days after recordation of notice of default, and valid foreclosure sale thus be made three months and three days after such recordation?

"2. Where a deed of trust purports to authorize the beneficiary therein named, but no one else, to substitute trustees just once; and an assignee of said beneficiary has assumed to make yet another substitution of trustees and thus give authority to the last attempted substitutes to make a valid sale?"

■ Turning our attention, first to the contention that the cross-defendants and respondents are not legally the trustees under the deed of trust, we find that by assignment, Herma Bennett became the beneficiary under said deed of trust. The trust deed, in its seventh paragraph, provides:

"Said beneficiary may at any time by instrument in writing appoint a successor or successors to, or discharge and

appoint a new trustee in the place of any trustee named herein or acting hereunder, which instrument executed and acknowledged by said beneficiary, and recorded in the office of the County Recorder of the county or counties where said land is situated, shall be conclusive proof of the proper substitution of such successor or successors or new trustee, who shall have all the estate, powers, duties, rights and privileges of said trustee predecessor.

"All the provisions of this instrument shall apply to and bind the legal representatives, successors and assigns of each party hereto, respectively."

The general rule as to the right of a beneficiary to substitute a trustee is well expressed in 41 Corpus Juris, at page 379:

" .. . . However, where the power is conferred upon the beneficiary, his successor or assigns, or other legal representatives, no personal discretion is confided in any particular person, but the power may be exercised by any holder or owner of the deed of trust."

It is apparent that Herma Bennett, the beneficiary under the deed of trust, was by its terms, qualified to appoint the trustee, and the cross-defendants herein named having been duly appointed by the beneficiary, were the legal trustees under the deed of trust.

It is next urged that the sale under the deed of trust was premature. The determination of this question depends upon the construction of section 2924 of the Civil Code as it stood at the time of the execution of the instrument in question, which then read:

"Where the power of sale is conferred upon the trustee,—such power shall not be exercised,

"Until (a) the mortgagee or beneficiary shall first record in the office of the recorder of the county wherein the mortgage or trust property or some part is situated, a notice of such breach and of his election to sell or cause to be sold such property to satisfy the obligation;

"Until (b) not less than three months shall thereafter elapse; and

"Until (c) the mortgagee, trustee or other person authorized to make the sale shall give notice of the time and place thereof, in the manner and for a time not less than that required by law for sales of real property upon execution."

We cannot agree with the contention of appellant that three months must fully elapse after recordation of notice of default before a trustee can legally take the next step, i. e., begin to advertise the sale, which advertisement must be for not less than twenty days prior to the date of sale (Code Civ. Proc., sec. 692), thus making three months plus twenty days the minimum of time that must intervene between recordation of notice of default and date of sale.

Section 2924 of the Civil Code provides that three things must be done, and until all of them are done the sale cannot be advertised, but it nowhere in the section appears that the full three months must elapse before the notice of the time and place of sale is to be given. Neither counsel nor the court have been able to find a case directly passing upon this point, but respondent, by way of illustration, points to the construction given to section 1200 of the Probate Code, which pertains to the mode of giving notice in certain instances in probate practice and where not otherwise prescribed, which section reads:

"The clerk shall set the same for hearing by the court and shall give notice of the same by causing a notice to be posted at the court house of the county where the proceedings are pending at least ten days before the day of hearing, giving the name of the estate, the name of the petitioner and the nature of the petition and referring to the petition for further particulars, *and* notify all persons interested therein to appear at the time and place mentioned in the notice and show cause, if any they have, why the order should not be made."

In construing this section we do not believe it had ever been the contention, nor do we believe it to be the practice, that the full ten days' posting must elapse before notice is given to all persons interested.

The court, in the case of *R. G. Hamilton Corp.* v. *Corum*, 218 Cal. 92, 97 [21 Pac. (2d) 413], in construing section 2924 of the Civil Code on another point, said:

"An application to the trustee to sell prior to the recording of the notice of breach would be an idle act because the trustee was not called upon to act under his power until the notice was recorded, and had no power to sell under the statute until after the expiration of three months from the recording of the notice. The theory of appellant that the

power to sell must be vested in the trustee before the recording of the notice of breach is not tenable either under the statute or the provisions of the deed of trust.''

It seems to be there implied that the trustee may act as soon as the notice of the breach was filed, and could sell at any time after the expiration of three months after the recordation of the notice. In *Lincoln* v. *Superior Court,* 2 Cal. (2d) 127 [39 Pac. (2d) 405], in a concurring opinion, language is found supporting the contention of appellant, but the point here before the court was not there involved and was not necessary to a solution of the question.

Turning to the provision of the deed of trust itself, we find this provision:

''On written application of the beneficiary and after three months have elapsed following said recordation of said notice, said trustee without demand on said trustor shall sell said property in whole or in part or parcels at the discretion of the trustee in the following manner, namely:''

Then follows a clause to the effect the trustees shall give notice of the time and place of holding said sale in the manner and for the time required by law for sales of real property under deed of trust.

Here we find also that there is no provision which requires that the full ninety days must elapse before the notice of the time and place of sale may commence to run, only that the ninety days shall elapse prior to the sale.

The contentions of appellant are without merit, and the judgment appealed from should be affirmed. It is so ordered.

Waste, C. J., Shenk, J., Langdon, J., Curtis, J., and Thompson (R. L.), J., *pro tem,* concurred.