[Civ. No. 7268. Third Dist. Jan. 25, 1947.]

MILDRED L. KINNEY, as Administratrix, etc., Respondent, v. SACRAMENTO CITY EMPLOYEES' RETIRE-MENT SYSTEM et al., Appellants.

Richard J. Lawrence, City Attorney, for Appellants.

George L. Popert for Respondent.

PEEK, J.—This is an appeal by respondent Retirement Board from a judgment in favor of petitioner in a mandamus proceeding to determine the right of her deceased husband, formerly a member of the fire department of the city of Sacramento, to a disability pension allowance from the time of his retirement to the date of his death from a heart attack.

The pertinent portions of the charter of said city establishing a retirement system with regard to the question herein presented, provide that any city employee, a member of said system, who "shall become disabled by reason of any bodily injury received in the performance of his duty" shall be entitled to a certain percentage of the average monthly salary paid him during the year prior to his retirement.

It appears that petitioner's intestate, Paul D. Kinney, had served as an engineer in the city fire department from 1932 to April 22, 1944, when upon the advice of physicians that it would be unwise for him to continue in his work on account of heart trouble, he retired from the service.

On August 25, 1944, he filed an application with the respondent board for a retirement allowance based on disability received in the performance of his duty. On October 25, 1944, and February 14, 1945, hearings were held before the Retirement Board as provided in said charter, both the applicant and the board being represented by counsel. The evidence on behalf of the applicant, in addition to his own testimony, consisted principally of the testimony of three fellow members of the fire department that on three occasions when applicant was called upon to exert unusual physical effort in the course of his duties he appeared to be more or less overcome thereby, and the written reports of four physicians (admitted without objection) who had personally examined applicant expressing the opinion that he was suffering from heart trouble either caused or aggravated by the performance of the duties of his employment. Two physicians were called for the board. One, Dr. Murphy who admittedly was not a "heart man," testified that he advised applicant to consult a heart specialist, the other, Dr. Giere, testified that undoubtedly the regular duties of Kinney, as well as the special ones which called for greater physical exertion, had a definite tendency to aggravate the chronic heart disease from which he was suffering. This testimony corroborated in part at least the written report of this witness, which was one of the above mentioned reports introduced on behalf of the applicant.

In addition the respondent board admitted in evidence, over the repeated objections of counsel for applicant, a report of Dr. Reitzel, entitled "Memorandum of facts and proposed investigation concerning the occupational pension application of Paul D. Kinney." This report was a purported history of the applicant's case, based on writings that apparently had been submitted to the author thereof for his opinion. Included therein was a letter from the office of Naval Procurement summarizing the reasons for the physical disqualification of the applicant for service in the Naval Reserve, a report of the examining doctor at the Veterans' Home Hospital, reports by five physicians, one of whom was the city physician, Dr. Cress, who had examined the applicant but whose purported letter was not authenticated or otherwise introduced at the hearings, and the conclusions reached by Dr. Reitzel from a study of these writings. The doctor had not personally examined the applicant. The reports of the other physicians were the same as those introduced in evidence by applicant.

After finding that Kinney had been employed by the city and had become totally disabled to continue the performance of his duties, the board concluded "that said disability was not caused nor precipitated by any act of the employment . . .," and that the injury upon which his complaint was founded did not arise out of or occur in the "course of his employment," and, predicating its action upon such findings, denied his application.

Thereafter, on April 9, 1945, the applicant died, and on May 10, 1945, his administratrix, petitioner herein, filed in the Superior Court of Sacramento County her petition for a writ of mandate to compel the respondent board and the members thereof to pay to the estate the amount of the retirement allowance to which she alleged the deceased was entitled at the time of his retirement. The alternative writ issued and a trial was had. During the trial the entire transcript of the proceedings before the board was received in evidence, and, upon petitioner's motion, that portion of the transcript which included the report of Dr. Reitzel entitled "Memorandum of facts and proposed investigation concerning the occupational pension application of Paul D. Kinney" was stricken on the ground that it was incompetent hearsay. After submission of the case the trial court made its findings of fact and con-

clusions of law in favor of the petitioner herein and against the appellant board, and ordered that a peremptory writ of mandate be issued requiring said board and the members thereof to grant and pay to petitioner a disability allowance in the amount provided by the charter. Appellants' motion to set aside the decision and grant a new trial was denied.

Among other things the court found that "all of the evidence showed, and such was the fact, that although said Paul D. Kinney had a pre-existing heart affliction, the physical strain, over-exertion and stress undergone by said Paul D. Kinney in his work as a fireman in behalf of the City of Sacramento, particularly during the years 1942, 1943 and 1944, so aggravated and further injured said heart condition, that proximately and by reason thereof he was forced to retire from his employment with said City of Sacramento as a fireman." It is from the judgment which was entered accordingly, ordering the issuance of the peremptory writ, that appellants have appealed.

The rule seems to be clear that, if a local administrative board bases its order solely on incompetent hearsay evidence, it acts arbitrarily, capriciously and in abuse of its discretion, and its order cannot stand. (*Walker* v. *City of San Gabriel*, 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383]. See, also, *La Prade* v. *Department of Water & Power*, 27 Cal. 2d 47, 52 [162 P.2d 13].)

The evidence stricken was obviously incompetent hearsay. Appellants' offer of proof that "the testimony of Dr. Raymond J. Reitzel be offered in this matter," which the trial court rejected, could in no way relieve such documentary evidence of its intrinsic infirmity. Moreover, according to the very authority cited by appellants (*Dare* v. *Board of Medical Examiners*, 21 Cal.2d 790, 799 [136 P.2d 304]), a trial court on mandamus is not required to receive new evidence unless it appears that "in the exercise of reasonable diligence, it could not have been introduced before the board." No such showing was made in this case.

Since, as far as the record discloses, there was no competent evidence before the board outside of said report to refute the uniform proof that applicant's disability was due to the performance of his duty (see *Lumbermen's Mut. Cas. Co.* v. *Industrial Acc. Com.*, 29 Cal.2d 492, 496, 497 [175 P.2d 823]) within the meaning of the charter, there was a clear abuse of discretion on the part of the board in refusing

petitioner's application, and the superior court correctly, as a matter of law upon the undisputed evidence, granted the writ of mandate prayed for by her. (*Dillard* v. *City of Los Angeles,* 20 Cal.2d 599, 606 [127 P.2d 917] ; *Buckley* v. *Roche,* 214 Cal. 241, 247 [4 P.2d 929].)

The remaining contention which appellants urge concerns the character of the relief granted by the superior court. It is argued that the error which the court found to have been committed by the board in admitting improper evidence did not warrant the judgment entered by said court, and that by striking certain evidence from the record before the board and entering a judgment commanding the board to take particularly specified action, the court improperly limited and controlled the discretion legally invested in the board.

With such contention we cannot agree nor do we find support therefor in the authorities cited by appellants. Here, as in the case of *Dillard* v. *City of Los Angeles, supra,* at page 606, "[there] was a clear abuse of discretion on the part of the pension board in refusing petitioner's application . . ., and the superior court should as a matter of law, upon the undisputed evidence, have granted the writ of mandate prayed for by her."

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.