[Civ. No. 19095.   First Dist., Div. One.   Mar. 9, 1961.]

ROBERT W. GREENBLATT, Respondent, v. THOMAS W. MARTIN, as Director of Alcoholic Beverage Control, Appellant.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Appellant.

Walter H. Duane and Nathan Cohn for Respondent.

WOOD (Fred B.), J. pro tem.*—The State Director of Alcoholic Beverage Control has appealed from a judgment of the superior court which (1) set aside an order and decision of the State Alcoholic Beverage Control Appeals Board, (2) ordered the Director of Alcoholic Beverage Control to reinstate petitioner Greenblatt's license at the Aloha Club, 145 Eddy Street, San Francisco, and take no further action in this matter, and (3) directed the issuance of a peremptory writ of mandate.

After an administrative hearing the department's hearing officer recommended findings against the licensee upon all four counts of the accusation, and revocation in respect to each of the counts. The department adopted these recommendations except as to Count IV, which it dismissed.

---

*Assigned by Chairman of Judicial Council.

Upon the licensee's appeal to the Alcoholic Beverage Control Appeals Board, the department's decision was affirmed as to Counts II and III but reversed as to Count I.

The licensee then applied to the superior court for review pursuant to the sanction of the provisions of section 1094.5 of the Code of Civil Procedure. The case was heard upon the record of the proceedings before the department and the appeals board, resulting in the judgment above described.

▪ In the case of a statewide agency which exercises judicial functions conferred directly upon it by the Constitution, as does the agency here involved, the separation of powers clause of the Constitution does not apply. In such a case the trial court's power of review is governed by the "substantial evidence" rule as used in civil adversary litigation. (*Martin* v. *Alcoholic Beverage Control Appeals Board*, 52 Cal.2d 238, 246 [340 P.2d 1]; *Marini* v. *Department of Alcoholic Beverage Control*, 177 Cal.App.2d 785, 786-787 [2 Cal.Rptr. 714].) Our examination of the record convinces us that there is substantial evidence in support of the board's order and decision and that the judgment should be reversed.

▪ Count II of the accusation charged that on September 6, 1957, the licensee allowed and permitted "Betty" Doe to loiter in and about the licensed premises for the purpose of soliciting or begging alcoholic beverages for her own consumption.

Our examination of the evidence before the department supports Count II. The following, which we find accurate, is the board's condensed summary of that evidence: "The agent testified that on September 7, 1957, when he entered the premises there were two female persons sitting at the bar; that after he ordered a beer the woman Betty approached the agent and said that she was a waitress in the premises and requested that the agent purchase her a drink; that this conversation took place in the immediate presence of the bartender; that Betty said that she would take an 'Old Fashioned'; that before either the woman Betty or the agent could order the drink for her the bartender fixed a drink for her in an 'Old Fashioned' glass; that the agent asked the girl what the drink contained and was advised by the girl that it was a vodka 'Old Fashioned'; that the bartender made no comment as to the nature of the drink; that thereafter . . . Betty ordered from the same bartender a 'double of the same' and that after the drink was served, the agent asked the bartender if the

second drink was a vodka 'Old Fashioned' and the bartender assented. The agent paid for both drinks.''

From this evidence, as stated by the board, ''. . . the hearing officer and the Department could have reasonably found that the appellant, through his bartender, knowingly permitted the woman Betty to loiter in or about the premises for the purpose of begging or soliciting the agent to purchase for Betty an alcoholic beverage. Under this section [Bus. & Prof. Code, § 25657, subd. (b)] soliciting is the offense, and the drink solicited was an 'Old Fashioned.' The woman Betty stated that this drink contained vodka, and the bartender, after he had furnished a 'double' of the same drink, assented to the agent's statement that the drink contained vodka. This was sufficient evidence to prove that the drink solicited was an alcoholic beverage (*Greenblatt* v. *Munro,* 161 Cal.App.2d 596 [326 P.2d 929]).'' In that statement, we concur.

Count III of the accusation charged that continuance of the license by this licensee would be contrary to public welfare and morals in that he caused or permitted certain designated females to solicit drinks on the licensed premises on certain dates specified.

The evidence in support of this count was similar in character to that which supports Count II and equally substantial. It is not necessary to catalogue it item by item.

Respondent mistakenly views the trial court's function as that of weighing the evidence and ours as that of ascertaining whether or not the record shows substantial evidence in support of the trial court's findings. Respondent cites *Manning* v. *Watson,* 108 Cal.App.2d 705, 712 [239 P.2d 688], and *Ashdown* v. *State of Calif. Dept. of Emp.,* 135 Cal.App.2d 291, 297 [287 P.2d 176]. Those cases involved the review of decisions of statewide administrative agencies (Real Estate Commissioner and Department of Employment, respectively) that derived their powers from statutes, not directly from the Constitution. The principles there involved are inapplicable to the review of decisions of state agencies, such as the Department of Alcoholic Beverage Control, that exercise judicial powers directly and immediately conferred by the Constitution itself.

The judgment is reversed.

Bray, P. J., and Tobriner, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 3, 1961.