[Civ. No. 8763. Fourth Dist., Div. One. Jan. 18, 1968.]

WILBUR J. MUMFORD et al., Plaintiffs and Respondents, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Defendants and Appellants.

50

Thomas C. Lynch, Attorney General, and David Gould, Deputy Attorney General, for Defendants and Appellants.

Ackerman & Dougherty and William A. Dougherty for Plaintiffs and Respondents.

BROWN (Gerald), P. J.—In March 1965 the Department of Alcoholic Beverage Control ordered a 10-day suspension of the on-sale general license of Wilbur and Katherine Mumford doing business as The Safari Room, Tustin, California, based upon a finding the Mumfords had bought beer for resale from an unlicensed vendor (Bus. & Prof. Code, § 23402). The Alcoholic Beverage Control Appeals Board affirmed. A superior court judgment set aside the Department's suspension order. The Department and the appeals board appeal from the judgment.

 The question presented is: Does the evidence support the Department's finding (Code Civ. Proc., § 1094.5, subd. (c) ; *Harris* v. *Alcoholic Beverage Control Appeals Board*, 212 Cal.App.2d 106, 113 [28 Cal.Rptr. 74] ; *Greenblatt* v. *Martin*, 189 Cal.App.2d 787, 789 [11 Cal.Rptr. 669]) ? It does.

United States Marine Corps sergeant, Charles F. Geier, stationed at El Toro Marine Air Station, California, moonlighted in his spare time in 1964 as a bartender for the Mumfords at their Safari Room. Geier did not have a resale license. On June 25, 1964 Geier bought five cases of beer from the Enlisted Men's Club at the Air Station. He placed them in the beer refrigerator behind the bar from which the public was served in The Safari Room. The evidence also included Wilbur Mumford's written admission he bought five cases of beer

from Geier on June 25, 1965 "for resale by my business." The Mumfords offered no evidence.

█ Citing *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], Mumford contends his admission was inadmissible because the record does not show he had been warned of his constitutional rights to silence and counsel, as required, he claims, by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States. The Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as their counterpart in the California Constitution, article 1, section 13, apply the personal guarantees claimed by Mumford only to criminal prosecutions. █ The introduction in evidence of Mumford's admission did not deprive him of property without due process of law because his license to sell intoxicants is not a proprietary right within the meaning of due process. (*Garcia* v. *Martin*, 192 Cal.App.2d 786, 790-791 [14 Cal.Rptr. 59]; *State Board of Equalization* v. *Superior Court*, 5 Cal.App.2d 374, 377 [42 P.2d 1076].)

█ Mumford's contention his admission is inadmissible hearsay is unmeritorious. It is admissible as an admission by a party, an exception to the hearsay rule (Gov. Code, § 11513, subd. (c); Code Civ Proc., § 1870.2, now Evid. Code, § 1220).

The judgment is reversed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied February 5, 1968, and respondents' petition for a hearing by the Supreme Court was denied March 13, 1968.