[Civ. No. 8827.   Fourth Dist., Div. One.   July 23, 1968.]

HAROLD DOUGLAS GOSS, Plaintiff and Appellant, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

Benjamin Weissmann for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Stephen H. Silver, Deputy Attorney General, for Defendant and Respondent.

BROWN (Gerald), P. J.—Harold Douglas Goss appeals from a superior court judgment denying his petition for writ of mandate to direct the Department of Motor Vehicles to vacate its order suspending his driver's license for six months under Vehicle Code, section 13353.

On December 9, 1966, San Diego Police Officer Riste arrested Goss for drunk driving (Veh. Code, § 23102, subd. (a)), and warned him his failure to submit to a blood, breath or urine chemical test would result in the suspension of his driver's license for six months (Veh. Code, § 13353). Goss refused Riste's request to submit to a chemical test. Under Vehicle Code, section 13353, the Department ordered Goss' driver's license suspended after receiving Riste's sworn statement describing the arrest, warning and refusal to submit to chemical testing. Goss requested "a formal hearing to present evidence to show the cause of the suspension is not true." The Department replied January 18, 1967: the requested hearing would be February 2, 1967; Goss would "have an opportunity at the hearing to present any evidence you may have or to make any statement relative to your driving privilege"; the suspension would be stayed until further notice; a request for a continuance of the hearing would vacate the stay, and the suspension would become effective on granting the continuance.

Before holding the hearing, Goss' attorney reviewed the Department's file. At the hearing, attended by Goss and his attorney, Goss was immediately sworn and examined. Over Goss' objection of inadmissible hearsay and denial of his rights to confront and cross-examine witnesses, the hearing board admitted into evidence under Vehicle Code, section 14108, Riste's sworn statement and two police arrest reports. Without objection, however, the hearing officer inquired of

Goss about Riste's statement. Goss freely and completely accounted in his own words for the arrest. Goss' own version of what happened provides substantial evidence supporting an inference that reasonable cause existed for his arrest. He testified that he had been offered the three tests specified in Vehicle Code, section 13353, and had the tests described to him. Goss acknowledged he refused to take a test at the scene of the arrest and refused any tests at the jail, although he had been advised that refusal meant a six-month suspension of his driver's license. Goss himself supplied each of the elements necessary to support suspending his license. After the hearing the Department suspended his driver's license for six months.

The superior court's conclusions of law were that Riste's sworn statement and the two police arrest reports were not official department records under Vehicle Code, section 14108 and were not admissible; Goss' own testimony and the reasonable inferences to be drawn from it, however, established all the elements necessary to support the Department's suspension order. The superior court denied the petition for writ of mandate.

■ Goss wanted a formal hearing for his expressed purpose of presenting ''evidence to show the cause of the suspension is not true.'' Government Code, section 11513 provided the procedural format for the hearing. The hearing was not criminal in nature. (*Beamon* v. *Department of Motor Vehicles*, 180 Cal.App.2d 200, 210 [4 Cal.Rptr. 396].) Goss did not call any witnesses. He was subject to being called and cross-examined by the hearing officer. This was done. Riste's sworn statement and the two police arrest reports, all hearsay, would have been admissible to supplement and explain Goss' testimony, but not to impeach it (Gov. Code, § 11513). However, wholly apart from any explanation in the Department's file, Goss' own testimony provided sufficient evidence to support the Department's suspension order.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.