[Civ. No. 34943.   Second Dist., Div. Two.   Apr. 17, 1970.]

BETTY ANN STALEY, Plaintiff and Appellant, v.
CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Respondent.

**COUNSEL**

Buckley & Ferr and Thomas A. Diamond for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Anthony M. Summers, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**ROTH, P. J.**—Betty Staley appeals from a judgment denying a writ of mandamus which was entered on January 13, 1969.

Briefly summarized, the facts are as follows:

Appellant worked as a nurse's aide for 11 days between January 30, 1967, and February 19, 1967. She left, either voluntarily or because she was laid off. She previously had applied for and received unemployment benefits which included benefits for the 11-day working period mentioned and she did not report her earnings for that period.

On November 20, 1967, the Department of Employment (Department) determined that she received an overpayment of benefits for the period in question.

On November 22, 1967, appellant appealed the decision and requested a hearing. The hearing was calendared before a referee of the Department.

The hearing before the referee was held on December 19, 1967, and January 15, 1968, and on January 30, 1968, the referee upheld the decision of the Department.

Appellant requested a hearing before the Appeals Board. She was represented on this appeal by counsel from the Los Angeles Neighborhood Legal Services Society. On the reverse of the form provided by the Unemployment Insurance Appeals Board, transmitted to appellant, the following statement appears in small, light gray type: "REPRESENTATION. If a representative is employed by you to present the appeal, you must pay his fees. Fees charged a claimant in a benefit proceeding are subject to approval by the Referee." On November 30, 1967, appellant was sent a notice of hearing on the back of which the same statement appeared. On April 24, 1968, the Appeals Board affirmed the decision of the referee.

Thereafter, on December 4, 1968, appellant petitioned the superior court for a writ of mandamus pursuant to section 1094.5 of the Code of Civil Procedure. This appeal followed the denial of that writ.

In her petition for mandate before the superior court and on this appeal, the findings of the California Unemployment Insurance Appeals Board have not been directly challenged. Rather, appellant's argument is that the administrative proceedings must be set aside because she was denied due process because she was not provided with the aid of counsel. In the alternative, appellant argues that at a minimum she should have been advised of her right to have counsel at the hearing and that if she could not afford to privately obtain counsel, there were available a number of groups and organizations whose purpose is to provide legal counsel to those who cannot afford to hire private counsel.

Appellant argues that since a deprivation of a property right was involved in the administrative proceeding at bench, the doctrine of *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733]

and *In re Gault,* 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], requiring counsel in criminal and quasi criminal cases, which by Fourteenth Amendment language, to wit: "deprive any person of life, liberty, and property without due process of law" is extended to states, should be made applicable to the situation at bench.

■ There is no question but that appellant's unemployment compensation claim is a property right and represents serious and important state responsibility. However, a requirement of appointment by the state of counsel in such a case has not been suggested as a constitutional requirement in either California or federal constitutional cases. ■ Nothing in the recent United States Supreme Court ruling dealing with requirements for withdrawal of public assistance (*Goldberg* v. *Kelly,* 397 U.S. 254 [25 L.Ed.2d 287, 90 S.Ct. 1011]); or any other case we have been cited to suggests that there is a constitutional right to state-appointed counsel.

Appellant's alternative argument is that conceding there is no constitutional requirement for state-appointed counsel in a proceeding such as the one at bench, that all proceedings involving property rights must be conducted with the "fundamental fairness" required by the due process clause of the Fourteenth Amendment. (*Goldberg* v. *Kelly, supra,* at p. 261 [25 L.Ed.2d at p. 295]; *Sherbert* v. *Verner,* 374 U.S. 398, 405 [10 L.Ed.2d 965, 83 S.Ct. 1790]; *Steen* v. *Board of Civil Service Commrs.,* 26 Cal.2d 716, 727 [160 P.2d 816].)

The California Unemployment Insurance Code, section 1957 provides: "Any individual claiming benefits in any proceedings before the Appeals Board or its authorized representative may be represented by counsel or agent but no such counsel or agent shall charge or receive for such services more than an amount approved by the Appeals Board."

Appellant argues in effect that the right provided by the code section above means nothing if she cannot afford counsel and is not specifically advised by the Department that free counsel is available to indigents in civil matters by organizations formed to render such service.

The record shows that appellant did have some assistance of counsel through Los Angeles Neighborhood Legal Services Society. She did have the assistance of counsel in the mandate proceeding before the superior court and she has the assistance of counsel in the appeal before us.

■ The Department, in the form of notice it now transmits, complies

with section 1957 of the Unemployment Insurance Code. To avoid litigation on claims such as the one before us, the form could be expanded to inform claimants that there are legal agencies available which furnish free legal advice and representation to indigents. We expressly hold, however, that the Department had no such responsibility.

The judgment is affirmed.

Fleming, J., and Wright, J., concurred.