[Civ. No. 27718. First Dist., Div. One. Jan. 25, 1971.]

RUTH MARCELLA BORROR, Plaintiff and Respondent, v.
DEPARTMENT OF INVESTMENT,
DIVISION OF REAL ESTATE, Defendant and Appellant.

532

534

**COUNSEL**

Thomas C. Lynch and Evelle J. Younger, Attorneys General, and John E. Barsell, Jr., Deputy Attorney General, for Defendant and Appellant.

David Freidenrich for Plaintiff and Respondent.

## OPINION

**MOLINARI, P. J.**—This is an appeal from a judgment ordering the issuance of a peremptory writ of mandate compelling the appellant, Department of Investment, Division of Real Estate, to set aside its revocation of the real estate salesman's license of Ruth Marcella Borror (hereinafter referred to as "the licensee").

### Statement of the Case

The disciplinary action was imposed pursuant to an accusation which charged the licensee with making fraudulent misrepresentations concerning her financial status and the nature of certain escrow transactions which were employed by the licensee as security in obtaining two loans totaling $10,000, which she later failed to repay. The licensee's default resulted in a civil action for fraud being filed against her. The civil action was settled when the licensee entered into a stipulation in which she admitted that the facts alleged in the complaint were true. This stipulation was subsequently offered into evidence against the licensee at the administrative hearing.

The licensee filed a petition for a writ of mandate seeking to set aside the administrative decision revoking her license. The petition was heard by the trial court, exercising its independent judgment, solely upon the record of the administrative proceeding. The trial court granted the relief requested by the licensee upon two grounds: (1) that the licensee did not receive a fair hearing because she was not properly advised of her right to counsel at the administrative hearing, and (2) that the administrative findings were not supported by competent evidence.

The present appeal involves two principal issues. First, whether the analogies of the criminal law apply in an administrative proceeding with respect to the constitutional right to counsel and, second, whether certain exhibits admitted in evidence at the administrative hearing constituted competent evidence.

### Scope of Review

The inquiry by the superior court in the instant case concerned itself with two areas which come within the purview of administrative mandamus proceedings. The first, dealing with the right to counsel, extends to the question whether the department afforded the licensee a fair administrative hearing and whether it abused its discretion because it did not proceed in the manner required by law. (Code Civ. Proc., § 1094.5, subd.

(b); see *Le Strange* v. *City of Berkeley,* 210 Cal.App.2d 313, 320 [26 Cal.Rptr. 550].) The second inquiry extends to the question whether the department abused its discretion in that its findings are not supported by the evidence. (Code Civ. Proc., § 1094.5, subd. (b); *Le Strange* v. *City of Berkeley, supra.*)

■ In determining whether the administrative findings are supported by the evidence, the trial court was governed in the instant case by the "independent judgment" test since the action it was reviewing was that of a state-level agency of legislative origin involving a vested right in a license. (See *Laisne* v. *Cal. St. Bd. of Optometry,* 19 Cal.2d 831, 834 [123 P.2d 457]; *Drummey* v. *State Bd. of Funeral Directors,* 13 Cal.2d 75, 85 [87 P.2d 848].) Accordingly, the trial court was authorized to exercise its independent judgment on the evidence and in its review had the right to judge the intrinsic value of the evidence and to weigh it. (Code Civ. Proc., § 1094.5, subd. (c); *Le Strange* v. *City of Berkeley, supra.*)

■ The scope of the trial before the superior court is not an unqualified or unlimited trial de novo, but the trial proceeds upon a consideration of the record of the administrative proceedings which is received in evidence and marked as an exhibit. (See *Dare* v. *Bd. of Medical Examiners,* 21 Cal.2d 790, 799-800 [136 P.2d 304]; Cal. Administrative Mandamus (Cont. Ed. Bar) §§ 5.63 and 13.4.) The trial court is not, however, necessarily confined to the record before the agency, but it may receive additional evidence where the evidence could not have been produced at the administrative hearing, in the exercise of reasonable diligence, or the evidence was improperly excluded at the administrative hearing. (Code Civ. Proc., § 1094.5, subd. (d); *Dare* v. *Bd. of Medical Examiners, supra,* at p. 799; Cont. Ed. Bar, *supra.*) ■ If it appears from the record that incompetent evidence has been received by the agency, the complaining party may object at the trial to its admissibility. (*Dare* v. *Bd. of Medical Examiners, supra.*)

### Right to Counsel

■ The administrative record discloses that upon the commencement of the administrative proceedings the licensee was served with a copy of the accusation together with a notice of defense pursuant to Government Code section 11505.[1] In the notice of defense the licensee was requested to supply the name and address of her attorney. She signed her own name in the space provided for the attorney's name and checked

[1] Unless otherwise indicated, all statutory references are to the Government Code.

the block reading: "I *do not* intend to be represented by an attorney." The notice of hearing advising the licensee of the time and place of the administrative hearing (§ 11509) contained the following pertinent language: "As in all adversary proceedings, you may be present at the hearing, and may be represented by counsel. . . ."

At the hearing, the licensee was asked by the hearing officer if she was appearing without an attorney. She answered, "Yes, I am." Later, the hearing officer asked the licensee, "Why don't you get your own attorney?" The licensee stated, "I can't afford an attorney." The hearing officer then responded, "There is an Office of Economic Opportunity." In a subsequent motion for reconsideration after the agency's decision the licensee was therein represented by counsel.

The trial court determined that the licensee was not accorded a fair hearing because the hearing officer did not advise her of her right to counsel and the consequences to her if the allegations of the accusation were found to be true. The court found that the notice provided for in section 11509 did not suffice to advise the licensee of her right to counsel, and held that due process requires that in addition to the notice contained in section 11509, the hearing officer must personally advise a respondent of his right to counsel. The trial court deemed the inquiries made to the licensee at the hearing with respect to representation by counsel insufficient and concluded that it was incumbent upon the hearing officer to have advised the licensee that she could face a criminal prosecution in the event the accusation against her was sustained.

It is apparent that the trial court purported to apply the due process requirements of criminal cases to administrative hearings. In criminal proceedings and trials it is the duty of the trial judge to advise the accused of his right to counsel when he is brought before the magistrate upon an arrest (Pen. Code, §§ 858, 859), when he is arraigned before the trial court (Pen. Code, § 987), and before accepting a guilty plea. (Pen. Code, § 1018.) "In order to fully apprise the accused of that right, the trial court should inform him not only that he has a right to counsel but also that the court will appoint an attorney to represent him without cost to him if he is indigent." (*In re Fresquez,* 67 Cal.2d 626, 629 [63 Cal.Rptr. 271, 432 P.2d 959]; see *In re Smiley,* 66 Cal.2d 606, 614-615 [58 Cal. Rptr. 579, 427 P.2d 179].)

The right of an accused to counsel in a criminal case may be waived. (*In re Fresquez, supra,* 67 Cal.2d 626, 629; *Johnson* v. *Zerbst,* 304 U.S. 458, 465 [82 L.Ed. 1461, 1467, 58 S.Ct. 1019].) Such a waiver must be an intelligent one and depends, in each case, upon the particular facts and circumstances surrounding that case, including the background, ex-

perience and conduct of the accused. (*In re Fresquez, supra; Johnson* v. *Zerbst, supra,* at p. 464 [82 L.Ed. at p. 1466].) ". . . the court cannot accept a waiver of counsel from anyone accused of a *serious public offense* without first determining that he 'understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishments which may be exacted.' [Citations.]" (Italics added; *In re James,* 38 Cal.2d 302, 313 [240 P.2d 596]; *People* v. *Carter,* 66 Cal.2d 666, 672 [58 Cal.Rptr. 614, 427 P.2d 214]; *In re Johnson,* 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420]; *In re Fresquez, supra,* at p. 630.) "The scope of the inquiry will, of course, vary according to the *seriousness of the crime charged,* and the trial judge is not required to demand that a defendant, as a prerequisite to representing himself, demonstrate either the acumen or the learning of an attorney." (Italics added; *In re Fresquez, supra,* at p. 630; *People* v. *Carter, supra,* at p. 673; *People* v. *Williams,* 2 Cal.3d 894, 908 [88 Cal.Rptr. 208, 471 P.2d 1008].)

■ In the light of the foregoing principles it is clear that in a criminal case it is the primary duty of the court to advise an accused that he is entitled to be represented by counsel and that counsel will be appointed for him if he is indigent. If the accused chooses to waive his right to counsel the court may not accept such a waiver where the accused stands charged of a *serious offense* unless the court first determines that he understands the nature of the offense, the elements of the offense, the pleas and defenses available to him, and the punishment which may be exacted. This determination necessitates, obviously, that the accused be advised of these elements. It is equally clear, however, that where the offense charged is not a serious one the scope of inquiry need not be as detailed as in the case of a serious offense. We perceive, moreover, that even in the case of serious crimes the dictates of *James* need not always be strictly complied with, but that each case must be determined from its own facts and circumstances, the ultimate requisite in each case being whether the waiver was free and intelligent. (*In re Fresquez, supra,* 67 Cal.2d 626, 630-633; *In re Jones,* 265 Cal.App.2d 376, 383-384 [71 Cal.Rptr. 172]; *People* v. *Hill,* 268 Cal.App.2d 504, 510-511 [74 Cal.Rptr. 180].) In this regard we observe that in *Williams* it was held that, notwithstanding that the court made an insufficient inquiry into the defendant's ability to represent himself, the error did not require a reversal where the record disclosed that the defendant had the requisite competence to represent himself. (2 Cal.3d 894, 909.)

■ The constitutional right to counsel provided for in the California Constitution (art. I, § 13) and the federal Constitution (Amend. VI) is guaranteed specifically in *criminal prosecutions.* The guaranty does not,

by virtue of the specific language of these provisions, apply to civil proceedings. ■ Administrative proceedings are civil in nature. With particular reference to a proceeding to revoke or suspend a license or other administrative action of a disciplinary nature, it has been held in this state that such proceeding is not a criminal or quasi-criminal prosecution. (*Fischer* v. *State Bar,* 6 Cal.2d 671, 672-673 [58 P.2d 1277, 59 P.2d 805]; *Molina* v. *Munro,* 145 Cal.App.2d 601, 606 [302 P.2d 818]; *Skipitar* v. *Munro,* 175 Cal.App.2d 1, 6 [345 P.2d 508]; *Ready* v. *Grady,* 243 Cal.App.2d 113, 116 [52 Cal.Rptr. 303].) The purpose of such a proceeding is not to punish but to afford protection to the public upon the rationale that respect and confidence of the public is merited by eliminating from the ranks of practitioners those who are dishonest, immoral, disreputable, or incompetent. (See *Meade* v. *State Collection Agency Board,* 181 Cal.App.2d 774, 776 [5 Cal.Rptr. 486]; *Bold* v. *Board of Medical Examiners,* 135 Cal.App. 29, 34 [26 P.2d 707]; *West Coast etc. Co.* v. *Contractors' etc. Bd.,* 72 Cal.App.2d 287, 301-302 [164 P.2d 811].) Accordingly, in the light of the objective and nature of such a proceeding, it has been held that an administrative agency is not required to "conduct its proceedings for the revocation of a license in accordance with theories developed in the field of criminal law." (*Webster* v. *Board of Dental Examiners,* 17 Cal.2d 534, 537-538 [110 P.2d 992]; *Cozad* v. *Board of Chiropractic Examiners,* 153 Cal.App.2d 249, 256 [314 P.2d 500]; *Cornell* v. *Reilly,* 127 Cal.App.2d 178, 185 [273 P.2d 572]; *West Coast etc. Co.* v. *Contractors' etc. Bd., supra,* at p. 301.)

We perceive that where the right to counsel has been safeguarded in administrative proceedings it has been done on the basis of due process. Thus, it has been held in this state that a party to an administrative proceeding is entitled to be represented by counsel retained by him where the proceeding is of such a nature that the party's interest might be prejudiced if he is denied the right to be represented by an attorney. (*Steen* v. *Board of Civil Service Commrs.* (1945) 26 Cal.2d 716, 727 [160 P.2d 816].) This right is specifically recognized and provided for, moreover, by the California Administrative Procedure Act (§ 11509) which is applicable in the instant case.

No case has come to our attention which requires that counsel be appointed for a party in an administrative proceeding where he is indigent, but cases have held to the contrary. The case of *Staley* v. *California Unemployment Ins. App. Bd.,* 6 Cal.App.3d 675, 678 [86 Cal.Rptr. 294] holds that there is no constitutional requirement for the appointment of counsel for a claimant in an administrative proceeding in which it was determined that he had received an overpayment of unemployment

benefits. In *Boruski* v. *Securities and Exchange Commission* (2d Cir. 1965) 340 F.2d 991 [cert. den. 381 U.S. 943, 944 [14 L.Ed.2d 706, 707, 85 S.Ct. 1780, 1784]], the court, in holding that in proceedings to revoke a broker-dealer's license, it was not error for the commission to refuse to appoint counsel for the licensee, stated: "We know of no requirement that counsel be appointed in these administrative proceedings. The orders, although serious in their effect, are not criminal judgments. If criminal charges should be brought against petitioner, he will, of course, be entitled to be represented by counsel as in all criminal prosecutions." (*Id.* at p. 992.)[2] (See also *Nees* v. *Securities and Exchange Commission,* 414 F.2d 211, 221; *Bancroft* v. *Board of Governors, etc.* (1949) 202 Okla. 108 [210 P.2d 666, 668].)

In *In re Groban,* 352 U.S. 330 [1 L.Ed.2d 376, 77 S.Ct. 510], the United States Supreme Court was presented with the question of whether the appellants had a constitutional right to counsel under the due process clause of the Fourteenth Amendment in giving testimony as witnesses at a proceeding conducted by the Ohio State Fire Marshal to investigate the causes of a fire. In holding that appellants had no such right (p. 333 [1 L.Ed.2d p. 381]), the court observed: "Obviously in these situations evidence obtained may possibly lay a witness open to criminal charges. When such charges are made in a criminal proceeding, he then may demand the presence of his counsel for his defense. Until then his protection is the privilege against self-incrimination. [Citations.]" which is "available in investigations as well as in prosecutions. [Citations.]" This case appears to answer the licensee's contention that even though an administrative hearing is not itself a criminal proceeding, a party to an administrative proceeding has the constitutional right to counsel if a criminal proceeding can result from an adverse ruling in an administrative hearing. ██ *Groban* makes it clear that the possibility that criminal charges might result from an administrative proceeding does not transform the nature of the proceeding from a civil to a criminal one. In this connection we note that the Attorney General has rendered an opinion that hearing officers should notify witnesses of their constitutional right to the privilege against self-incrimination in license revocation or suspension proceedings where the nature of the act is such that it could result in a reference to the district attorney for prosecution. (1 Ops.Cal.Atty.Gen. (1943) 374.) This opinion is restricted to the privilege against self-incrimination and nowhere states or implies that there is a constitutional right to counsel in an administrative proceeding.

---

[2]This case was decided after *Gideon* v. *Wainwright* (1963) 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], which holds that in criminal cases an indigent defendant has the constitutional right to counsel.

We are not unmindful that in recent times the growing awareness of individual rights which are constitutionally protected has eroded the traditional distinctions made upon the basis that an administrative proceeding is a "civil action" and consequently not governed by legal doctrine in the criminal law area. (See Molinari, *California Administrative Process: A Synthesis Updated,* 10 Santa Clara Law., 274, 279-282.) Thus, it has been held that the privilege against self-incrimination can be claimed in an administrative proceeding where there may be an imposition of any sanction which makes the assertion of the privilege "costly" to the person invoking the privilege. (See *Spevack* v. *Klein,* 385 U.S. 511, 514 [17 L.Ed.2d 574, 577, 87 S.Ct. 625]; *Griffin* v. *California,* 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]; and see *In re Gault,* 387 U.S. 1, 47-49 [18 L.Ed.2d 527, 557-558, 87 S.Ct. 1428]; and see 1 Ops.Cal.Atty. Gen., *supra,* at p. 374; Molinari, *supra;* but see *Goss* v. *Dept. of Motor Vehicles,* 264 Cal.App.2d 268, 270 [70 Cal.Rptr. 447]; *Goldberg* v. *Regents of the University of California,* 248 Cal.App.2d 867, 883 [57 Cal.Rptr. 463].) Similarly, in the area of search and seizure the exclusionary rule has been assumed to be applicable in an administrative proceeding where the proceeding contemplates the deprivation of one's liberty or property. (See *Elder* v. *Bd. of Medical Examiners,* 241 Cal.App.2d 246, 260 [50 Cal.Rptr. 304]; see *People* v. *One 1960 Cadillac Coupe,* 62 Cal.2d 92, 96-97 [41 Cal.Rptr. 290, 396 P.2d 706].)

■ The recent trend has not necessarily obliterated the distinction between an administrative and a criminal proceeding, but has restricted itself to the application of the criminal law analogy in the area of administrative process where such process can result in the deprivation of liberty, property or property rights and where the proceeding bears a close identity to the aims and objectives of criminal law enforcement. (See *In re Gault, supra,* 387 U.S. 1, 30, 36, 41, 49 [18 L.Ed.2d 527, 547, 551, 553, 558]; *People* v. *One 1960 Cadillac Coupe, supra,* 62 Cal.2d 92, 96-97; *Elder* v. *Bd. of Medical Examiners, supra,* 241 Cal. App.2d 246, 260; and see *People* v. *Cahan,* 44 Cal.2d 434, 445 [282 P.2d 905, 50 A.L.R.2d 513].)

With respect to the areas in which the criminal law analogy has been applied to administrative proceedings, as in the case of the privilege against self-incrimination or the exclusionary rule in situations of unlawful search and seizure, we perceive a close identity between the process in the administrative proceeding and the aims and objectives of criminal law enforcement. In the case of the privilege against self-incrimination, "the availability of the privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites." (*In re Gault, supra,* 387

U.S. 1, 49 [18 L.Ed.2d 527, 558, 87 S.Ct. 1428].) As stated in *Murphy* v. *Waterfront Comm'n.,* 378 U.S. 52, 94 [12 L.Ed.2d 678, 704, 84 S.Ct. 1594], "The privilege can be claimed in any proceeding, be it criminal or civil, administrative or judicial, investigatory or adjudicatory, [citations] and it protects *any disclosures* which the witness may reasonably apprehend *could be used in a criminal prosecution or which could lead to other evidence that might be so used."* (Italics added; see *In re Gault, supra,* pp. 47-49 [18 L.Ed.2d pp. 557-558]; *Malloy* v. *Hogan,* 378 U.S. 1, 11-12 [12 L.Ed.2d 653, 661-662, 84 S.Ct. 1489].) In the case of the introduction of evidence seized by an unlawful search and seizure, the rationale is that the exclusionary rule applies because the policy which abhors improper state conduct requires that the same exclusionary rule should be applied to an administrative hearing as applies in a criminal case where the proceeding contemplates the deprivation of one's property or property right. (*People* v. *One 1960 Cadillac Coupe, supra,* 62 Cal.2d 92, 96-97; *Elder* v. *Bd. of Medical Examiners, supra,* 241 Cal.App.2d 246, 260.)

In *Gault, supra,* the United States Supreme Court saw the similarity to the aims and objectives of criminal law enforcement when it upheld the right to counsel in a juvenile court proceeding which could result, upon a determination of delinquency, in a commitment to an institution in which the juvenile's freedom is curtailed. (387 U.S. at p. 41 [18 L.Ed. 2d at p. 553].) The holding, stating that a child and his parents must be notified of the child's right to be represented by counsel retained by them or, if they are unable to afford counsel, that counsel will be appointed to represent the child, was predicated upon the requirements of the due process clause of the Fourteenth Amendment.

Reconciling the nature of the administrative proceeding with the foregoing principles and authorities, we conclude that in a proceeding to revoke or suspend a license or other administrative action of a disciplinary nature the licensee or respondent is entitled to have counsel of his own choosing, which burden he must bear himself, and that he is not denied due process of law when counsel is not furnished him, even though he is unable to afford counsel. Such a proceeding does not bear a close identity to the aims and objectives of criminal law enforcement, but has for its objective the protection of the public rather than to punish the offender. There is no constitutional requirement, therefore, that the hearing officer or the agency advise a party that he is entitled to be represented by counsel and that if he cannot afford counsel one will be afforded him. In proceedings under the Administrative Procedure Act there is a statutory requirement, however, that a party be advised that he is entitled to be represented by counsel chosen and employed by him.

(§ 11509.) In the present case the licensee does not maintain that she was deprived of this right.

 Since the requirements of due process are satisfied in a proceeding under the Administrative Procedure Act, insofar as representation by counsel is concerned, if a party is advised that he is entitled to be represented by counsel employed by him and such attorney is permitted to represent him in the proceeding, there is no requirement, in the event that the party does not choose to be represented by counsel, or does not have the funds with which to hire an attorney, that the analogies of the criminal law be followed in ascertaining whether there has been an intelligent waiver of counsel. Accordingly, there is no requirement that the hearing officer determine whether the accused understands the nature of the charge, the elements of the offense, the pleas and defenses which may be available, or the punishment or penalty which may be exacted. In this regard we apprehend that as to all of the elements, other than the last mentioned, these are adequately specified under the Administrative Procedure Act in the accusation (§ 11503) and the notice of defense (§ 11506). As to the penalties involved, it is inconceivable that a licensee is not aware by virtue of the licensing procedures of the sanctions which may be imposed for violation of his duties and obligations as such licensee. A real estate licensee is required to be aware of the provisions of the Real Estate Law. (See Bus. & Prof. Code, §§ 10153, subd. (c), 10177 and 10185.) Moreover, in the present case the licensee was aware that revocation of her license was sought by the proceeding since such penalty was specifically requested in the prayer of the accusation.[3]

### Competency of Evidence

At the administrative hearing certain exhibits were admitted without objection. These were exhibits 7, 8, and 9. Exhibit 7 is a verified complaint in the civil action filed by Gordon and Doris Worthington against the licensee and her husband charging them with fraud in obtaining the sum of $10,000 from the Worthingtons. Exhibit 8 is the stipulation in which the licensee stipulated that the allegations of exhibit 7 were true. Exhibit 9 is an affidavit

---

[3]The Attorney General also contends that the licensee should be estopped from raising the issue of the alleged obligation of the hearing officer to personally advise her of her right to counsel because of the failure to raise the issue at the administrative level. This contention is not meritorious. If the licensee had the constitutional right to counsel upon the analogy of the criminal law, she would not be precluded under the decisions hereinbefore discussed from urging the deprivation of such a fundamental right for the first time on appeal. Moreover, waiver presupposes knowledge of the right waived. If the licensee was not aware of such a right she cannot be said to have waived that right.

by the licensee in which she stated that the admissions set forth in exhibit 8 were true with several minor exceptions.

The trial court determined that these exhibits constituted incompetent evidence and that, therefore, they could not sustain the findings made by the department. In making this determination the trial court ruled that the failure to object to the admission of these exhibits at the administrative hearing did not bar the licensee from attacking their admissibility in the mandamus proceeding. The trial court's determination of incompetency of the exhibits as evidence was based on the ground that they constituted hearsay evidence, that no foundation had been laid for their introduction, and that there was no stipulation for their introduction. The trial court also determined that the department's findings were based solely on such hearsay evidence. ■■■ It is, of course, the rule that where the agency bases its decision solely on incompetent hearsay that its order cannot stand. (See *Walker* v. *City of San Gabriel,* 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383]; *Kinney* v. *Sac. etc. Retirement System,* 77 Cal.App.2d 779, 782 [176 P.2d 775]; see also *La Prade* v. *Department of Water & Power,* 27 Cal.2d 47, 52 [162 P.2d 13].)

■■■ In the present case the cause was submitted for decision following the reception in evidence of the administrative record and the filing of written memoranda. The subject exhibits were a part of such record. No objection was made to their admissibility in the administrative proceeding, but such an objection was interposed for the first time in the mandamus proceeding. The trial court determined that a party to an administrative proceeding may interpose an objection to the competency of evidence in the administrative record at the mandamus proceeding. At first blush, support for such a ruling appears to be found in *Dare, supra,* where it is stated: ". . . neither party is necessarily bound in all particulars by the record before the board. If it should appear from that record that incompetent evidence had been received by the board, the complaining party should not be foreclosed from objecting on the trial to its admissibility." (21 Cal.2d at p. 799.) Upon analysis, and in the light of the rationale in *Dare,* we interpret this statement to refer to evidence which was objected· to at the administrative hearing. We perceive that by virtue of such objection, the claim that the evidence is incompetent is preserved for review at the mandamus hearing. Such an interpretation is consistent with the ordinary principles of review that a party seeking review cannot rely upon an error not urged in the proceedings under review. (*Wilke & Holzheiser, Inc.* v. *Dept. of Alcoholic Bev. Control,* 65 Cal.2d 349, 377, fn. 23 [55 Cal.Rptr. 23, 420 P.2d 735]; *Kirby* v. *Alcoholic Bev. etc. Appeals Bd.,* 8 Cal.App.3d 1009, 1020 [87 Cal.Rptr. 908].)

In *Dare* it was emphasized that even though the trial court is entitled to exercise its independent judgment on the evidence, the scope of the trial in such a case is not an unqualified or unlimited trial de novo, but the trial proceeds upon the record of the administrative proceeding and such additional evidence as may properly be adduced under the principles there enunciated and hereinbefore discussed. On such a mandamus proceeding it is not "contemplated that the time of the court should be consumed in a reiteration of the competent evidence presented to the board and contained in the record of its proceedings. [Citation.]" (*Dare* v. *Bd. of Medical Examiners, supra,* 21 Cal.2d at p. 799.)

Adverting to the documents ruled inadmissible by the trial court, we perceive that, in any event, they constituted competent evidence. The statements contained in these documents were admissible as admissions made by a party, an exception to the hearsay rule. (Evid. Code, § 1220; *Mumford* v. *Department of Alcoholic Beverage Control,* 258 Cal.App.2d 49, 51 [65 Cal.Rptr. 495]; *Hansen* v. *Civil Service Board,* 147 Cal.App.2d 732, 738 [305 P.2d 1012]; *Bohn* v. *Watson,* 130 Cal.App.2d 24, 26, 33, 40 [278 P.2d 454].) *Bohn* involved a situation similar to that in the instant case. There a licensed broker was sued in a civil action for fraud and misrepresentations. The broker thereafter entered into a stipulation which permitted the plaintiff to take judgment against her. The judgment in the civil action was held to be competent evidence in a subsequent administrative proceeding against her license as a judicial admission. (At p. 33.)

Assuming, *arguendo,* that the subject exhibits were hearsay, they, nevertheless, attained the dignity of competent evidence because they were not objected to at the administrative hearing. In *Savelli* v. *Board of Medical Examiners,* 229 Cal.App.2d 124, 139 [40 Cal.Rptr. 171], and in *Kirby* v. *Alcoholic Bev. etc. Appeals Bd., supra,* 8 Cal.App.3d 1009, 1020, this court held that hearsay admitted without objection in an administrative proceeding is of probative value and may be considered in support of a finding. (See also *August* v. *Department of Motor Vehicles,* 264 Cal. App.2d 52, 64 [70 Cal.Rptr. 172]; *Griswold* v. *Dept. Alcoholic Bev. Control,* 141 Cal.App.2d 807, 810-811 [297 P.2d 762]; *Fox* v. *S. F. Unified School Dist.,* 111 Cal.App.2d 885, 891 [245 P.2d 603].) In *Kirby* we pointed out that hearsay, which is admitted without objection, is sufficient in itself to support a finding unless there is some evidence, admissible in administrative proceedings, to the contrary. (At p. 1020; see § 11513, subd. (c).) Such hearsay evidence, unless objected to, serves to shift the burden of producing evidence of the existence or nonexistence of the fact disclosed. (Evid. Code, §§ 110 and 550; *Kirby* v. *Alcoholic Bev. etc. Appeals Bd., supra.*)

In the instant case the licensee did not produce any evidence

at the administrative hearing contrary to that disclosed in the subject exhibits. The record discloses, moreover, that such exhibits did not supply the only evidence in support of the department's decision. Hearsay evidence may be used for the purpose of supplementing or explaining other evidence under the California Administrative Procedure Act. (§ 11513, subd. (c);[4] see *Nardoni* v. *McConnell,* 48 Cal.2d 500, 505 [310 P.2d 644]; *Savelli* v. *Board of Medical Examiners, supra,* 229 Cal.App.2d 124, 139.) In the present case, two promissory notes (exhibits 3 and 4), executed by the licensee, were admitted in evidence at the administrative hearing pursuant to stipulation. These notes contained representations which were shown to be false by the testimony of a witness and the cross-examination of the licensee. Additionally, Mrs. Worthington testified that she relied on the representations of the licensee set forth in exhibit 7 and testified that she would not have loaned the money to the licensee if she had known that these representations were not true.

The trial court's ruling of inadmissibility of the challenged exhibits was also based on its findings that no foundations were laid for the admission of the exhibits in question. The issue of lack of foundation was not raised in the petition for mandate nor in the licensee's brief in the superior court. Accordingly, it should not have been considered by the trial court nor made a basis for its determination. (See *Crescent Lumber Co.* v. *Larson,* 166 Cal. 168, 171 [135 P. 502]; *Iusi* v. *City Title Ins. Co.,* 213 Cal.App.2d 582, 586 [28 Cal.Rptr. 893]; *Rivadell, Inc.* v. *Razo,* 215 Cal.App.2d 614, 621 [30 Cal.Rptr. 622].) In any event, it is well settled that no foundation as to time, place or persons present need be laid before admissions may be introduced. (*Diller* v. *Northern Cal. Power Co.,* 162 Cal. 531, 538 [123 P. 359]; *Swartz* v. *Feddershon,* 92 Cal.App. 285, 291-292 [268 P. 430]; *Pece* v. *Tama Trading Co.,* 22 Cal. App.2d 219, 223 [70 P.2d 652]; *Shallenberger* v. *Duncan,* 244 Cal. App.2d 197, 202 [53 Cal.Rptr. 77].)

In view of the foregoing, the subject exhibits constituted competent evidence and as such sufficed to support findings based thereon.

The judgment is reversed.

Sims, J., and Elkington, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 26, 1971.

---

[4]Section 11513, subdivision (c), provides, in pertinent part, that "Hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence. . . ."