[Civ. No. 60534. Second Dist., Div. Four. Sept. 22, 1981.]

BEATRIZ GARCIA et al., Plaintiffs and Appellants, v.
LOS ANGELES COUNTY BOARD OF EDUCATION, Defendant
and Respondent;
CULVER CITY UNIFIED SCHOOL DISTRICT, Real Party in
Interest and Respondent.

---

**COUNSEL**

Ronald L. Rouda for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Louis S. Gordon, Deputy County Counsel, for Defendant and Respondent.

Wagner & Wagner and John J. Wagner for Real Party in Interest and Respondent.

---

**OPINION**

McCLOSKY, J.—On June 7, 1979, appellant Joseph Garcia was suspended from Culver City Junior High School for a minimum of five

days by the principal after he engaged in a heated argument with another student and was found in possession of a knife. He and his mother, appellant Beatriz Garcia, were subsequently notified that his expulsion from school had been recommended to the local board of education and that a hearing to determine whether he should be expelled from the schools of the Culver City Unified School District would be held on July 17, 1979. At that hearing the school board voted to expel Joseph. Notice of the decision was sent to Mrs. Garcia on July 19, 1979. On appeal to the Los Angeles County Board of Education, the decision was affirmed.

Appellants then filed an application for writ of mandate in superior court requesting judicial review of the decision pursuant to Code of Civil Procedure section 1094.5. The trial court denied appellants' request that Culver City Unified School District and the Los Angeles County Board of Education be compelled to reverse their decisions expelling Joseph, to expunge any records pertaining to the expulsion and to provide him with appropriate educational assistance to compensate him for the education lost as a result of the expulsion.

On this appeal from the judgment of the superior court appellants contend that:

1. Education Code section 48904.5 requires a school district to consider alternatives to expulsion before expelling a student.

2. The respondents had no jurisdiction to expel appellant in that the expulsion hearing was not held within the time period required by law.

3. Respondents Los Angeles County Board of Education and Culver City Unified School District could only deprive appellant of his right to an education in a manner consistent with applicable state law.

I

Appellants contend that a school district must consider alternatives to expulsion before expelling a student, and that the trial court erred in holding that respondents did not have to do so. The trial court did not so find or hold.

Education Code section 48904.5, subdivision (b)[1] provides in pertinent part for a pupil's expulsion for any of the acts enumerated in section 48900: "Upon recommendation . . . the governing board may order a pupil expelled upon finding that the pupil violated section 48900 and that other means of correction have repeatedly failed to bring about proper conduct, *or due to the nature of the violation, the presence of the pupil causes a continuing danger to the physical safety of the pupil or others, and that other means of correction are not feasible* [italics added]."

After its declared exercise of its independent judgment upon the evidence presented to it, the trial court found that the student appellant's "possession of the knife on school premises coupled with his propensity for violence and his readiness to use the knife as a weapon on others makes [ . . . his] presence in the schools of the Culver City Unified School District a cause of continuing danger to the physical safety of himself or others *and no other means of correction are feasible* [italics added]." Neither the trial court nor we may disregard the disjunctive *or* in the section and we do not do so. Further, implicit in that finding is the inescapable conclusion that the board did consider alternative means of correction and found none feasible. The trial court's finding in this regard constitutes adequate compliance with section 48904.5.

## II

Education Code section 48914 provides, in pertinent part: "The governing board of each school district shall establish rules and regulations governing procedures for the expulsion of pupils. Such procedures shall include, but are not limited to the following:

"(a) The pupil and the pupil's parent or guardian shall be entitled to a hearing to determine whether the pupil should be expelled. An expulsion hearing shall be held within 20 schooldays of the date expulsion is recommended pursuant to subdivision (a) of Section 48904.5 or within 25 schooldays of the date suspension is ordered for the offense, whichever is sooner, . . . In the event that compliance with the above time requirements is impracticable, the expulsion hearing may be delayed, for good cause, up to five additional schooldays."[2]

---

[1] All statutory references herein are to Education Code sections unless otherwise stated.

[2] The record reflects neither a request nor any facts showing good cause for such a delay.

Appellant was suspended on June 7, 1979, and was entitled to a hearing on or before July 13th, even by considering July 4, 1979, a nonschool day.[3] His hearing was held July 17th.

The issue presented is whether the time provisions of the statute are "directory" or "mandatory." If they are mandatory, the failure to hold the hearing within the statutory time period invalidates the action to which the procedural requirement relates. (*Morris* v. *County of Marin* (1977) 18 Cal.3d 901, 908 [136 Cal.Rptr. 251, 559 P.2d 606].)

Appellant contends that since the Legislature used the mandatory verb "shall" it intended the time provisions to be mandatory. That language alone is not determinative, however. The California Supreme Court has held that "generally, requirements relating to the time within which an act must be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed." (*Edwards* v. *Steele* (1979) 25 Cal.3d 406, 410 [158 Cal.Rptr. 662, 599 P.2d 1365].)

Courts considering the issue have used various tests to determine the legislative intent including whether the statute sets forth a consequence or penalty for the failure to act within the designated time (see, *McDonald's Systems of California, Inc.* v. *Board of Permit Appeals* (1975) 44 Cal.App.3d 525, 544-545, fn. 15 [119 Cal.Rptr. 26]), whether the time provisions relate to matters of convenience or substance (*Francis* v. *Superior Court* (1935) 3 Cal.2d 19, 28 [43 P.2d 300]), and whether the consequence of holding the time limitation to be mandatory would defeat or promote the purpose of the enactment (*Morris* v. *County of Marin, supra*, at pp. 909-910).

In the case before us, the statute does not set forth a consequence or penalty for the failure to act within the designated time. The history of the statute, however, supports the conclusions that the time provisions are matters of substance.

In 1975 the United States Supreme Court in *Goss* v. *Lopez*, 419 U.S. 565 [42 L.Ed.2d 725, 95 S.Ct. 729], a case dealing with the suspension of high school students for periods up to 10 days without a hearing stated: "We do not believe that school authorities must be totally free from notice and hearing requirements if their schools are to operate with ac-

---

[3]Section 48923 provides that "schoolday" means a day upon which the schools of the district are in session or weekdays during the summer recess.

ceptable efficiency. Students facing temporary suspension have interests qualifying for protection of the Due Process Clause, and due process requires, in connection with a suspension of 10 days or less, that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." (419 U.S. at p. 581 [42 L.Ed.2d at pp. 738-739].)

In apparent response to this mandate, the California Legislature, in 1975, enacted the predecessor statute to Education Code section 48914, which provided that in expulsion cases, "[t]he pupil and his parent or guardian shall be entitled to a hearing to determine whether the pupil should be expelled." (Ed. Code (1959) § 10608 added by Stats. 1975, ch. 1253 § 4, p. 3275.)

In 1976 that statute was repealed and section 48914 was enacted, which provided that the expulsion hearing "shall be held within 20 calendar days of the date expulsion is recommended" or "within 25 calendar days of the date suspension is ordered for the offense." This statute was amended in 1978, changing the words "calendar days" to "schooldays," thus lengthening the period of time provided the school board to hold a hearing.

■ It appears from this history and from the reading of the statute that the intent of the legislation is to provide a student with the protection of due process when faced with the possible forfeiture of the "legitimate entitlement to a public education as a property interest." (*Goss* v. *Lopez, supra,* at p. 574 [42 L.Ed.2d at p. 734].) One aspect of the procedural protections of due process is the opportunity to be heard within a reasonably prompt period of time. (See, *In re Davis* (1979) 25 Cal.3d 384, 391-392 [158 Cal.Rptr. 384, 599 P.2d 690].) The 1976 and 1978 amendments to the statute were obviously an attempt to define the period of delay during which it is reasonable to summarily deprive the student of his fundamental right to public education. The consequence of holding the time limit to be mandatory would, therefore, promote the purpose of the enactment. The Legislature further evidenced its mandatory intent in using the word "shall" and its intent that those limits be jurisdictional, by providing in section 48914, subdivision (a) that: "[I]n the event that compliance with the above time requirements is impractical, the expulsion hearing may be delayed, for good cause, up to five additional schooldays." The record presented us reflects no showing or finding of such good cause.

Respondent Culver City Unified School District argues that the time provisions must be considered directory rather than mandatory because subdivision (g) of the statute provides that a decision on whether or not to expel the student need not be rendered until 35 schooldays from the date expulsion is recommended or 40 schooldays from the date suspension is ordered. The time provision for the date by which a decision must be reached is, however, merely a corrollary of the right to a timely hearing. The logical result of respondent's argument would be to allow an expulsion hearing to be held at any time within the period allowed for a decision so long as the decision were timely rendered. Such an interpretation would not only violate the rule of statutory interpretation which requires that each word, phrase or sentence be given significance[4] (*Turner* v. *Board of Trustees* (1976) 16 Cal.3d 818, 826 [129 Cal.Rptr. 443, 548 P.2d 1115]), but it would also jeopardize the procedural protections with which the statute endows the student. It is conceivable that such a hearing may involve the calling of many witnesses, and that the decision as to whether or not to expel the student may require some period of deliberation. The 10- to 15-day period for which the Legislature has allowed between the convening of the hearing and the required decision allows sufficient time for both. To shorten this interim period by allowing the hearing to be set at a later time would create the risk that the student might be denied the right to a full and fair hearing reflecting a considered decision. This would defeat the purpose of the statute.

We, therefore, conclude that the time provisions of Education Code section 48914 are mandatory and jurisdictional. The failure of the school board to abide by them invalidated the action taken at the hearing.

The judgment denying the application for a peremptory writ of mandate and awarding costs to the respondent and real party in interest is reversed.

Kingsley, Acting P. J., and Woods, J., concurred.

---

[4]Such an interpretation would leave the sentence which provides for a five-day delay upon showing of good cause without meaning.