TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 97-903 |
| of | : | |
| | : | December 5, 1997 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE DICK MONTEITH, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

May a school district adopt a "zero tolerance" policy mandating expulsion of a student for a first offense involving the possession of a controlled substance or alcohol?

CONCLUSION

A school district may not adopt a "zero tolerance" policy mandating expulsion of a student for a first offense involving the possession of a controlled substance or alcohol. Such an automatic expulsion policy would contravene state law as explicitly determined by the Legislature.

ANALYSIS

The Legislature has enacted a comprehensive statutory scheme (Ed. Code, §§ 48900-48926) **Footnote No. 1** governing the suspension and expulsion of pupils from elementary and secondary schools. "Suspension" is defined as the "removal of a pupil from ongoing instruction for adjustment purposes . . ." (§ 48925, subd. (d)), is limited to five consecutive days (§ 48911, subd. (a)), and may be imposed by the school principal or the district superintendent on the basis of an informal conference with the pupil (§ 48911 subd. (b)). "Expulsion" is the "removal of a pupil from (1) the immediate supervision and control, or (2) the general supervision, of school personnel . . . ." (§ 48925, subd. (b).)

Expulsion, as the most drastic measure a school district may take in response to student offenses, "must be exercised with great care." (57 Ops.Cal.Atty.Gen. 439, 441 (1974).) **Footnote No. 2**

We are asked whether a school district may adopt a "zero tolerance" policy requiring the expulsion of any student who commits a controlled substance or alcohol possession offense, even if the student has no prior record. We conclude that such an automatic expulsion policy would contravene state law.

Expulsion requires a hearing for the pupil and his or her parent or guardian before the governing board of the school district (§ 48918, subd. (a)), a hearing officer, or administrative panel (§ 48918, subd. (d)) within 30 schooldays from the date of the expulsion recommendation made by the school principal or the district superintendent (§ 48918, subd. (a)) and may be appealed to the county board of education (§ 48919).

The offenses that may result in expulsion--including expulsion for the possession, use, sale, or provision of a controlled substance or an alcoholic beverage or intoxicant-- are set forth in section 48900:

"A pupil may not be suspended from school or recommended for expulsion unless the superintendent or the principal of the school in which the pupil is enrolled determines that the pupil has:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) Unlawfully possessed, used, sold, or otherwise furnished, or been under the influence of any controlled substance . . , an alcoholic beverage, or an intoxicant of any kind.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

With specific regard to expulsions for offenses involving controlled substances or alcohol, section 48915 provides:

"(a) Except as provided in subdivision[] (c) . . . , the principal or the superintendent of schools shall recommend the expulsion of a pupil for any of the following acts committed at school or at a school activity off school grounds, unless the principal or superintendent finds that expulsion is inappropriate, due to the particular circumstance:

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(3) Unlawful possession of a controlled substance . . . , except for the first offense for the possession of not more than one avoirdupois ounce of marijuana, other than concentrated cannabis.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(b) Upon recommendation by the principal, superintendent of schools, or by a hearing officer or administrative panel appointed pursuant to subdivision (d) of section 48918, the governing board may order a pupil expelled upon finding that the pupil committed an act listed in subdivision (a) or in subdivision . . . (c) . . . of section 48900. A decision to expel shall be based on a finding of one or both of the following:

"(1) Other means of correction are not feasible or have repeatedly failed to bring about proper conduct.

"(2) Due to the nature of the act, the presence of the pupil causes a continuing danger to the physical safety of the pupil or others.

"(c) The principal or superintendent of schools shall immediately suspend . . . and shall recommend expulsion of a pupil that he or she determines has committed any of the following acts at school or at a school activity off school grounds:

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(3) Unlawfully selling a controlled substance . . . .

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(d) The governing board shall order a pupil expelled upon finding that the pupil committed an act listed in subdivision (c) . . . .

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  ."

Section 48914 requires the governing board of each school district to establish rules and regulations governing procedures for the expulsion of pupils.

The proposed zero tolerance policy, as contemplated in the question presented, would call for the principal or superintendent to recommend expulsion of a student for the first instance of any of the offenses involving controlled substances or alcohol, and for the district board to decide in favor of the recommended action by finding either that "[o]ther means of correction are not feasible" (§ 48915, subd. (b)(1)) or that "[d]ue to the nature of the act, the presence of the pupil causes a continuing danger to the physical safety of the pupil or to others" (§ 48915, subd. (b)(2)). Drug and alcohol offenses would be treated as automatically meeting one of these criteria.

A school district may, it is argued, reasonably conclude that because of an intractable and ongoing drug problem at its schools, other means of correction are not feasible, particularly where notwithstanding repeated and emphatic warnings against student involvement with drugs and alcohol, the pupil has knowingly violated the rules. It is also argued that because of the impaired physical and mental state that drugs and alcohol can produce, particularly in impressionable young persons who are not fully cognizant of their limits, the nature of the offense is such that the presence of a pupil who

has knowingly violated the zero tolerance policy represents a continuing danger to the physical safety of other pupils. Thus, it is contended that any violation of the zero tolerance policy may be treated by the district board as satisfying one or both of the criteria set forth in section 48915, subdivision (b).

In effect, the proposed zero tolerance policy would mean that the principal, the superintendent, and the district board must treat the first offense as leading inexorably to expulsion because the district has concluded that any drug or alcohol offense inherently meets the criteria of section 48915, subdivision (b). As part of the zero tolerance policy, all students would be given explicit warning as to the consequences of a violation. The deterrent effect of the policy would be based upon the students' knowledge that the first instance of any of the offenses involving controlled substances or alcohol would, without exception, result in expulsion.

In determining whether the proposed local school policy would be consistent with state law, we look to well-established principles of statutory construction when interpreting the controlling language of sections 48900-48926. As explained by the Supreme Court in *Dyna-Med., Inc.* v. *Fair Employment and Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387:

"Pursuant to established principles, our first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation. [Citation.] Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent. [Citation.]"

Initially, we observe that section 48915 identifies one situation in which an offense involving controlled substances *must* result in expulsion. The principal or superintendent "shall" immediately suspend and "shall" recommend expulsion of a pupil who he or she determines has committed the act of unlawfully selling a controlled substance at school or at a school activity off school grounds. (§ 48915, subd. (c)(3).) The governing board of the district "shall" order such pupil expelled upon finding that the pupil did commit the offense in question. (§ 48915, subd. (d).) Expulsion is also mandated for three other offenses that directly involve physical safety. **Footnote No. 3** Non-sale offenses involving controlled substances require that the principal or superintendent "recommend" expulsion, unless the responsible official "finds that expulsion is inappropriate, due to the particular circumstance." (§ 48915, subd. (a).) This legislative directive, however, does not apply to

"the first offense for the possession of not more than one avoirdupois ounce of marijuana, other than concentrated cannabis." (§ 48915, subd. (a)(3).)

The district board "may," upon recommendation of the principal or the superintendent, order a pupil expelled upon finding that the pupil committed one of the acts in question. (§ 48915, subd. (b).) However, as noted previously, such decision must be based upon a finding that other means of correction are not feasible or have repeatedly failed to bring about proper conduct (§ 48915, subd. (b)(1)) **Footnote No. 4** or that, due to the nature of the act, the presence of the pupil would cause a continuing danger to the physical safety of the pupil or others. (§ 48915, subd. (b)(2).)

With regard to the finding set forth in subdivision (b)(1) of section 48915, the district would necessarily rely on a lack of success in utilizing other means of correction for drug and alcohol offenses. We believe such past experience must be with respect to the particular pupil whose expulsion proceeding is before the district. For example, a pupil whose record suggests a tractable nature or who demonstrates genuine remorse for his or her actions may be suspended (§ 48900.5) or required to perform community service on school grounds during nonschool hours (§ 48900.6). A finding under subdivision (b)(1) of section 48915 that does not take into account individualized circumstances may deny the pupil's right to due process. (See *Garcia* v. *Los Angeles County Bd. of Education* (1981) 123 Cal.App.3d 807, 810-813.)

Under subdivision (b)(2) of section 48915, the inquiry is whether, in view of the nature of the act, the continued presence of the pupil would pose a risk to the physical safety of the pupil or others. This finding, with its focus on the nature of the act, lends itself to a more categorical approach. However, a rational connection must still be made between the presence of the student on campus and a continuing danger to the physical safety of the pupil or others. (See *Tot* v. *U.S.* (1943) 319 U.S. 463, 466-468; *Rafaelli* v. *Committee of Bar Examiners* (1972) 7 Cal.3d 288, 291-301; *Mike Moore's 24-Hour Towing* v. *City of San Diego* (1996) 45 Cal.App.4th 1294, 1306.) Drug or alcohol use by its very nature poses a danger to the physical safety of the user, particularly if the user is a minor. Those who must interact with one who uses drugs or alcohol may also be at risk as to their physical safety. However, it would be difficult to conclude that the offending pupil must be removed from the school in order to avert a continuing danger to his or her physical safety or that of other pupils *in all cases*.

Leaving aside questions of arbitrariness and lack of evidentiary support, the fatal flaw we find in the proposed policy is that it is in conflict with the Legislature's determination that mandatory expulsion is for the most serious offenses, namely, possessing, selling, or otherwise furnishing a firearm; brandishing a knife at another person; unlawfully selling a controlled substance; or committing or attempting to commit a sexual assault or battery. (§ 48915, subd. (c).) Indeed, the Legislature does not even direct consideration of expulsion for all drug offenses; it excepts from such administrative action a first offense possession of one ounce or less of marijuana. (§ 48915, subd. (a)(3).) **Footnote No. 5** Other than with respect to the four extremely

serious offenses listed in section 48915, subdivision (c)(3), a district may not refuse to exercise the discretionary authority granted to it under the statutory scheme.

Instead, the Legislature intended a case-by-case application of the criteria set forth in section 48915, subdivision (b), since an expulsion results in such serious consequences for the student and for the district in terms of the alternative educational arrangements that must be made for the expelled student. (See § 48916.) We also note that the use of an automatic approach in dealing with drug and alcohol offenses would make subdivision (b)(2) of section 48915 virtually meaningless. If every drug or alcohol possession offense may be deemed to cause a continuing danger to the physical safety of the pupil or others, so also may the other offenses listed in subdivision (a) of section 48915, since they involve the infliction of physical injury or the threat thereof. In order for subdivision (b)(2) of the statute to have any real significance, the offenses least likely to produce a direct physical threat (e.g., a first time alcohol possession offense) must be viewed as eligible for diversion of the student into disciplinary channels other than expulsion. To remove offenses from consideration of non-expulsion disciplinary action simply because they involve drugs or alcohol would make such offenses subject to harsher treatment than, for example, causing serious physical injury to a pupil in a schoolyard gang attack. The Legislature has already decided that only one particular drug offense warrants mandatory expulsion--the sale of a controlled substance. (§ 48915, subd (d).) A school district may not undermine such legislative determination in fashioning its own mandatory expulsion policy.

Accordingly, we conclude that a school district's proposed zero tolerance policy which would mandate expulsion for a first offense involving possession of a controlled substance or alcohol would be inconsistent with state law governing expulsions of school students and therefore may not be adopted by a school district.

\* \* \* \* \*

**Footnote No. 1**
All section references herein are to the Education Code.
**Footnote No. 2**
In 80 Ops.Cal.Atty.Gen. 85, 87-88 (1997), we concluded that a school district may suspend the enforcement of an expulsion order.
**Footnote No. 3**
These offenses are: possessing, selling, or otherwise furnishing a firearm; brandishing a knife at another person; and committing or attempting to commit a sexual assault or committing a sexual battery. (§ 48915, subd. (c)(1), (2), (4).)
**Footnote No. 4**
As we are concerned here with first offenses, the second clause of section 48915, subdivision (b)(1) would not, as a practical matter, be available as a basis for the district's decision to expel.
**Footnote No. 5**
We also note that the Legislature has explicitly recognized suspension as an appropriate disciplinary measure for a first offense involving a controlled substance or alcohol. Section 48900.5 provides in part as follows:

"Suspension shall be imposed only when other means of correction fail to bring about proper conduct. However, a pupil . . . may be suspended for any of the reasons enumerated in Section 48900 upon a first

offense, if the principal or superintendent of schools determines that the pupil violated subdivision (a), (b), (c), (d), or (e) of Section 48900 or that the pupil's presence causes a danger to persons or property or threatens to disrupt the instructional process."