TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-504 |
| of | : | |
| | : | July 29, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE GEORGE RUNNER, MEMBER OF THE CALIFORNIA STATE ASSEMBLY, has requested an opinion on the following question:

Is a school district required to allow a pupil or a pupil's parent or guardian to be represented at an expulsion hearing by a non-attorney such as an "educational advocate" or "administrative law advisor"?

CONCLUSION

A school district is not required to allow a pupil or a pupil's parent or guardian to be represented at an expulsion hearing by a non-attorney such as an "educational advocate" or "administrative law advisor," but it may allow such representation under duly adopted rules and regulations.

ANALYSIS

The question presented concerns the authority of a school district to restrict representation of a pupil or a pupil's parent or guardian at an expulsion hearing conducted pursuant to Education Code section 48918. **Footnote No. 1** Is a school district required to allow a pupil or his parent or guardian to be represented by someone other than an attorney? We conclude that while a school district may permit representation at an expulsion hearing by a non-attorney, it is not required to do so.

Section 48918 states in part:

"The governing board of each school district shall establish rules and regulations governing procedures for the expulsion of pupils. *These procedures shall include, but are not necessarily limited to*, all of the following:

"(a) The pupil shall be entitled to a hearing to determine whether the pupil should be expelled . . . ."

"(b) Written notice of the hearing shall be forwarded to the pupil at least 10 calendar days prior to the date of the hearing. The notice shall include: the date and place of the hearing; a statement of the specific facts and charges upon which the proposed expulsion is based; a copy of the disciplinary rules of the district that relate to the alleged violation; a notice of the parent, guardian, or pupil's obligation pursuant to subdivision (b) of Section 48915.1; and *notice of the opportunity for the pupil or the pupil's parent or guardian to appear in person or employ and be represented by counsel*, to inspect and obtain copies of all documents to be used at the hearing, to confront and question all witnesses who testify at the hearing, to question all other evidence presented, and to present oral and documentary evidence on the pupil's behalf, including witnesses . . . ." (Italics added.)

The language of section 48918 raises two questions: (1) does the phrase "represented by counsel" include non-attorneys and (2) may a school district's rules and regulations authorize representation by persons in addition to those specifically enumerated in the statute?

In analyzing the provisions of section 48918, we are guided by well-established principles of statutory interpretation. The overriding objective of statutory construction is to ascertain and effectuate the Legislature's intent. (*Larson* v. *State Personnel Bd.* (1996) 28 Cal.App.4th 265, 276.) In ascertaining such intent, we turn initially to the statutory language itself (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826), giving each word its usual and ordinary meaning (*Da Fonte* v. *UpRight, Inc.* (1992) 2 Cal.4th 593, 601). Every word, phrase, and sentence in a statute should, if possible, be accorded significance. (*Penasquitos, Inc.* v. *Superior Court* (1991) 53 Cal.3d 1180, 1186.) A statute must be construed in the context of the entire statutory scheme of which it is a part, in order to achieve consistency among the related provisions. (*People* v. *Hull* (1991) 1 Cal.4th 266, 272.)

"Counsel" in this context commonly means "a person professionally engaged in the trial or management of a cause in court," "a legal advocate managing a case at law," "a lawyer appointed or engaged to advise and represent in legal matters a particular client, public officer, or public body," or "one called on to advise." (Webster's Third New Internat. Dict. (1971) p. 518.)

Based upon this dictionary definition alone, it would appear that under section 48918, representation of a pupil or his parent or guardian at an expulsion proceeding would be by an attorney rather than a non-attorney. Such construction of the terms of section 48918 is supported by the types of tasks a counsel may perform at the hearing: questioning witnesses and presenting oral and documentary evidence on the pupil's behalf (§ 48918, subd. (b)), objecting to hearsay evidence as the basis for the decision to expel (§ 48918, subd. (f)), and requesting the issuance of subpoenas (§ 48918, subd. (i)). **Footnote No. 2**

Another indicator of the Legislature's intent in its use of the term "counsel" in section 48918 is contained in the language of a related statute, section 48925. There, for purposes of suspension or expulsion, "pupil" is defined to include "a pupil's parent or guardian or legal counsel." (§ 48925, subd. (e).) Consequently, any right that may be exercised by the pupil may also be exercised on his behalf by the parent or guardian or by *legal counsel*. This definition of "pupil" may be viewed as providing the underlying definition of "counsel" for the procedural requirement that the pupil be notified of the opportunity to "employ and be represented by counsel." (§ 48918, subd. (b).)

Also of significance is the fact that, in the context of another type of hearing, the Legislature has differentiated between "counsel" and other persons appearing on behalf of the pupil. Section 56505 authorizes non-attorneys to advise special education pupils during the dispute resolution process. It states that any party to a hearing has the "right to be accompanied and advised by counsel and by individuals with special knowledge or training relating to the problems of children and youth with disabilities." (§ 56505, subd. (e)(1).) This language indicates that, when using the term "counsel" in section 48918, the Legislature

was not referring to non-attorney advisers.

On balance, while the matter is not free from doubt, we believe that when the Legislature used the term "counsel" in subdivision (b) of section 48918, it was referring to an attorney licensed to practice law.

We turn now to a consideration of the effect of the introductory language contained in section 48918. Does it permit a district board to adopt rules and regulations that would allow representation by a non-attorney in an expulsion hearing, even though the term "counsel" in subdivision (b) of section 48918 refers only to attorneys? We believe that a district board may authorize representation by a non-attorney.

While the district board is empowered to "establish the rules and regulations governing procedures for the expulsion of pupils," it is required to "include" only those procedures specifically identified by the Legislature. (§ 48918.) Our review of the legislative history of section 49818 discloses that the procedures which the statute mandates for inclusion were designed to establish uniform minimum standards of due process for the protection of both pupils and the school district. In *Garcia* v. *Los Angeles County Bd. Of Education* (1981) 123 Cal.App.3d 807, 812, the court examined the legislative history of section 49818 (then section 48914) and declared:

"It appears from the history and from the reading of the statute that the intent of the legislation is to provide a student with the protection of due process when faced with the possible forfeiture of the 'legitimate entitlement to a public education as a property interest.' [Citation.]"

Accordingly, so long as notification of the opportunity to be represented by an attorney is preserved, we see no impediment to a district board's adoption of rules and regulations permitting pupils to be represented by non-attorney advocates or advisors. Whether a district board chooses to allow such representation or not, the due process concerns of section 48918 would be satisfied.

We recently reached a similar conclusion in 80 Ops.Cal.Atty.Gen. 221 (1997), where we examined a statute allowing the parties at a Public Utilities Commission hearing "to be heard in person or by attorney." (*Id*., at p. 222.) We concluded that although the term "attorney" used in the statute did not include non-attorneys, the commission could authorize representation by non-attorneys at its administrative hearings. (*Id*., at p. 223 ["we perceive nothing in section 1706 that would negate the PUC's power to authorize representation at a formal proceeding by a nonattorney"].) In reaching our conclusion, we relied in part upon the following language contained in *Consumers Lobby Against Monopolies* v. *Pub. Util. Com.* (1979) 25 Cal.3d 891, 913-914:

"'Nonattorneys are generally not permitted to participate in judicial proceedings; rather, with a few limited exceptions, a person must be licensed as an attorney before he can appear in court. In Public Utility Commission proceedings, by contrast, the participants are not required to be licensed attorneys, and it is common for such persons to make appearances on behalf of others. The commissions's own rules explicitly acknowledge this practice. [Citation.] Moreover, even a brief perusal of the California Public Utilities Commission Reports demonstrates that appearances by nonattorneys comprise a substantial and important part of the practice before that body. We must infer that the commission believes such persons are competent to participate in its proceedings in a representative capacity.'" (*Id*., at p. 223.) **Footnote No. 3**

We conclude that a school district is not required to allow a pupil or a pupil's parent or guardian to be represented at an expulsion hearing by a non-attorney such as an "educational advocate" or "administrative law advisor," but it may allow such representation under duly adopted rules and regulations.

**Footnote No. 1**
All references hereafter to the Education Code are by section number only.
**Footnote No. 2**
The hearing may become more trial-like if the district board refers the matter to a county hearing officer or to a hearing officer of the State Office of Administrative Hearings. (§ 48918, subd. (d).) However, we note that the technical rules of evidence do not apply in an expulsion hearing (§ 48918, subd. (h)), and we are informed that representation by a non-attorney is generally permitted in hearings conducted by an administrative hearing officer.
**Footnote No. 3**
In our 1997 opinion, we noted that representation of clients by non-attorneys before administrative tribunals "has long been recognized by the courts of this state. (*Welfare Rights Org.* v. *Crisan* (1993) 33 Cal.3d 766, 770 [welfare hearings]; *Consumers Lobby Against Monopolies* v. *Pub. Util. Com, supra,* 25 Cal.3d at 913-914 [PUC hearings]; *Staley* v. *California Unemp. Ins. App. Bd.* (1970) 6 Cal.App.3d 675, 678 [unemployment insurance appeals]; *Bland* v. *Reed* (1968) 261 Cal.App.2d 445, 449 [workers' compensation appeals].)" (80 Ops.Cal.Atty.Gen., *supra*, 224.)