[No. B221710. Second Dist., Div. Six. June 7, 2011.]

JOHN ABSMEIER, Plaintiff and Appellant, v.
SIMI VALLEY UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

COUNSEL

Ventura Law Group and Glenn J. Campbell for Plaintiff and Appellant.

Thurbon & McHaney, Robert E. Thurbon and Lindsay Moore for Defendants and Respondents.

OPINION

**GILBERT, P. J.**—Sometimes an attempt to fix one problem creates a second bigger problem. Take the instant case for example.

A personnel director files an administrative appeal to challenge his dismissal by his employer, a school district. A hearing officer selected by the school district's personnel commission to hear the administrative appeal conducts a hearing. So far so good, but then comes the first problem. The hearing officer does not decide the case. After many months go by, he informs the parties that he will not decide the case. Instead of starting over, the commission creates the second problem. It employs its attorneys to review the transcripts of the administrative hearing and render the decision.

We reverse. Problems solved.

Plaintiff John Absmeier appeals a judgment denying his petition for a writ of administrative mandamus. (Code Civ. Proc., §§ 1085, 1094.5.) He challenged the termination of his employment by defendant Simi Valley Unified School District (District) by way of an administrative appeal of the District's decision. His termination was upheld by defendant Simi Valley Unified School District Personnel Commission (Commission).

We conclude, among other things, that (1) the Commission had good cause to remove the administrative law judge (ALJ) who presided at the hearing, but (2) it acted beyond its authority when it retained a law firm after the hearing to write the administrative decision using transcripts to weigh the evidence and make findings on credibility.

## FACTS AND PROCEDURAL HISTORY

The District employed Absmeier as a personnel director. In December 2002, the District's board of trustees terminated his employment. The District's charges included, among other things, that Absmeier was inefficient and that his unsatisfactory conduct included "inappropriate treatment of employees" and "willful failure to follow directions."

Absmeier requested a hearing to review his dismissal. Under the District's procedures, the Commission ultimately decides the validity of dismissals. It has the option of holding the evidentiary hearing itself or appointing a "hearing officer" (hereafter administrative law judge or ALJ) to conduct the hearing. The Commission selected the second option and appointed Carl Lange to be the ALJ. In the notice of "appeal rights," the District informed Absmeier that it selected the option of using an ALJ to conduct the hearing instead of the Commission "to ensure impartiality." After the ALJ conducts the hearing and files the administrative decision, the Commission may adopt it or file its own decision. (Ed. Code, § 45312.)

At the hearing the District called 14 witnesses; Absmeier called seven. On October 23, 2003, after the presentation of the testimony, closing arguments and briefs, Lange took the case under submission.

Under the District's rules, the Commission is required to "render its judgment as soon after the conclusion of the hearing as possible and in no event later than 10 working days." Lange promised the parties that he would comply "with the Commission's rules." On November 18, one of the commissioners left a phone message with Lange asking about the decision. Lange did not respond.

On November 19, Lange wrote to counsel for the parties stating, "With apologies, I do not have a projected time line for completion other than to say it will be as soon as possible." In that letter he also requested the District's counsel to find out why he had not been paid for his services and expenses. Lange said he submitted a bill for his services to the District in October. He asked counsel to send him a letter with information regarding this inquiry.

On November 25, the District's counsel wrote to Lange, stating that he had complied with Lange's request. He said the District's "business department stated that the warrant is being mailed on Wednesday." On January 5, the District's counsel wrote to Lange asking for a "projected date" for his decision. Lange did not respond.

In February, the chair of the Commission tried without success to contact Lange by phone about the decision. On February 3, the District's lawyer wrote to Lange asking why a decision had not been rendered. He requested a "brief status report with a decision timeline."

On February 16, Lange responded, stating, "I sold my former home. Between the sale of the house, the holidays, and the subsequent relocation, I have been unable to visit this case in any depth."

On March 30, the Commission advised Lange that because there was no decision, it "retained the law firm of Miller, Brown & Dannis to review the transcript record and all evidentiary exhibits and provide the Commission with a report and recommendation." It also said, "Mr. Lange is directed to submit his report and recommendations to the Commission not later than Monday, April 5, 2004."

Lange did not file the decision within that deadline. Instead, he wrote a letter on April 4, 2004, stating, "I have terminated all work and further consideration of the matter."

On April 13, Lange sent a letter claiming he had not withdrawn from the case. He did not submit the administrative decision with that letter. On April 13, an attorney from the law firm selected by the Commission advised the parties that there was a new deadline of April 15 to submit the administrative

decision. He said the law firm would file the decision instead of Lange, because the Commission considered Lange "to be no longer involved in this matter."

On April 14, the Commission's counsel notified Lange that "[t]he Commission considers your letter of April 4, 2004 as a withdrawal from the matter. This was accepted by the Commission on April 6, 2004 in light of the *lack of any recommended Decision from you for a period of eight months from the close of evidence,* seven months from oral arguments, and six months from the filing of written briefs." (Italics added.)

The law firm filed a 46-page decision which contained findings of fact. It weighed the evidence and resolved conflicts in the testimony in favor of the District. It ruled that Absmeier's dismissal should be upheld.

The Commission adopted that decision without making any modifications. In making findings on the witness testimony, the law firm and the Commission relied solely on the written transcript of the hearings Lange conducted.

## DISCUSSION

### *Did the Commission Improperly Remove the ALJ?*

Absmeier contends the Commission improperly removed Lange and appointed the law firm to "secretly 'purchase' a decision." He suggests that the Commission acted in bad faith, and consequently the trial court could not find that there was good cause for removing the ALJ.

But Absmeier's speculation about respondents' motives is not supported by the record. The trial court made no finding of bad faith or ulterior motives. At the mandamus hearing, it said the Commission removed Lange because it "was not satisfied that [he] had met his obligations and produced a timely" decision. The Commission may appoint ALJ's, require them "to present findings," and it can take corrective action where they do not comply with their duties. (Ed. Code, § 45312.) Lange did not comply.

The trial court could reasonably infer that there was good cause for his removal and that Lange inexcusably delayed the proceedings. The Commission took action to replace him, noting that *eight months* had elapsed after the presentation of the evidence without a decision. At that time, *16 months had elapsed* from the filing of Absmeier's appeal, and Lange had not given the Commission a date when a decision would be filed.

Simi Valley Unified School District, Rules and Regulations for the Classified Service (District rules), rule 6.70.4, subdivision K requires the Commission to make the final administrative decision "as soon after the conclusion of the

hearing as possible *and in no event later than 10 working days.*" (Italics added.) This rule was enacted to achieve reasonably prompt administrative determinations. An unreasonably delayed administrative decision could potentially invalidate the administrative proceedings or subject the administrative agency to litigation. (*Garcia v. Los Angeles County Bd. of Education* (1981) 123 Cal.App.3d 807, 812 [177 Cal.Rptr. 29]; *Silberman v. Swoap* (1975) 50 Cal.App.3d 568 [123 Cal.Rptr. 456].) An ALJ's unreasonably delayed decision impedes the Commission's ability to proceed. The nature and complexity of administrative proceedings often vary, but here the delay was unwarranted and inexcusable.

 The trial court could reasonably infer that the Commission could question Lange's ability to continue as the ALJ on this case in light of (1) his November 19th letter where he requested the District's counsel to conduct an investigation about his pay, and (2) his February 16th letter about the sale of his home. Injecting his personal business and problems into this case was inappropriate. His displeasure with the District about his pay presents a serious financial conflict of interest because Lange was deciding the validity of the District's actions. ALJ's who are upset with a party over their personal financial interests cannot be impartial and must disqualify themselves. (*Haas v. County of San Bernardino* (2002) 27 Cal.4th 1017, 1025 [119 Cal.Rptr.2d 341, 45 P.3d 280].) Where they do not do so, the supervising administrative agency must remove them. (*Ibid.*)

From Lange's conduct, his delays, his failure to respond to the Commission's inquiries, his failure to meet the deadline, and his April 4th letter, the trial court could reasonably infer that he abandoned this case. In his April 4th letter, Lange said, "I have terminated all work and further consideration of the matter." The court implicitly found that the Commission acted reasonably and in good faith in removing Lange.

### Replacing the Administrative Law Judge with a Law Firm

Absmeier contends the Commission did not follow the District's hearing procedures. He claims it lacked authority to replace the ALJ who heard the testimony and saw the demeanor of the witnesses with a law firm that did not. Consequently, the law firm could not write the decision and decide credibility.

District rules, rule 6.70.4, subdivision A of the District's procedures for conducting hearings provides that the Commission "may conduct hearings on appeal *or may appoint a hearing officer to conduct the hearing* and report

findings and recommendations to the Commission." (Italics added.) Subdivision C of rule 6.70.4 provides, in relevant part, that the "Commission *or its hearing officer shall determine* the relevancy, weight, *and credibility of testimony* and evidence." (Italics added.)

■ Absmeier correctly notes that there is nothing in the rules that authorizes the Commission to appoint a law firm to assume the role of an ALJ. Only the Commission or an ALJ may conduct hearings and make rulings on the evidence. When the Commission or the ALJ conduct hearings, the parties know the individuals responsible for making the decision. They are in a position to move to disqualify individuals who may be biased decision makers. But that is not the case when a law firm assumes the role of an ALJ and anonymous individuals in the firm are deciding the case. The Commission decided to have an ALJ hear the case "to ensure impartiality." Absmeier reasonably expected to receive an ALJ decision, not a ruling by a law firm retained by the Commission. (See *Usher v. County of Monterey* (1998) 65 Cal.App.4th 210 [76 Cal.Rptr.2d 274].)

The District and the Commission suggest that any procedural irregularity in appointing the law firm to render the initial decision was inconsequential because the Commission had the ultimate authority to render the final administrative decision. (Ed. Code, § 45312.) Absmeier contends he was entitled to a trier of fact who could see the demeanor of the witnesses as they testified and rule on their credibility. We agree.

Under the District's procedures, either the Commission or the ALJ will conduct the evidentiary hearing and make findings on the evidence presented by the witnesses appearing before them. Here, however, neither the Commission nor the law firm presided over the hearing when the witnesses testified. The law firm was not in a position to assume the role of an ALJ. It could not write a decision and determine credibility because it did not preside at the evidentiary hearing. It could not make findings for the ALJ because the District's rules only allow the ALJ to do so. (District rules, rule 6.70.4.) Because the Commission did not appoint another ALJ to replace Lange, the validity of the entire administrative decisionmaking process was undermined. (*Usher v. County of Monterey, supra*, 65 Cal.App.4th at p. 219.)

■ The ALJ's role as the administrative trial judge is critical in the administrative hearing and decisionmaking process. "[A]n administrative hearing officer's proposed decision is entitled to great weight *because of* his [or her] *opportunity to observe the witnesses and weigh their testimony in light of their demeanor.*" (*Gore v. Board of Medical Quality Assurance* (1980) 110 Cal.App.3d 184, 190 [167 Cal.Rptr. 881], italics added.) Even where a higher administrative body renders the ultimate decision, it may not ignore

the "great weight" accorded to ALJ findings on witness credibility where the ALJ observed demeanor. (*Garza v. Workmen's Comp. App. Bd.* (1970) 3 Cal.3d 312, 319 [90 Cal.Rptr. 355, 475 P.2d 451].) Administrative agencies that have the power to set aside those findings should be " 'reluctant to disturb' " them " 'unless error is clearly shown.' " (*Universal Camera Corp. v. Labor Bd.* (1951) 340 U.S. 474, 494 [95 L.Ed. 456, 71 S.Ct. 456].) The Commission's actions created a large procedural void—the lack of findings by an ALJ who heard the evidence.

Respondents note that the law firm had transcripts of the hearing. But "credibility determinations require a personal presence that a cold transcript cannot convey." (*Abbott v. Mandiola* (1999) 70 Cal.App.4th 676, 683 [82 Cal.Rptr.2d 808].) Moreover, it is well established that "[a] party litigant is entitled to a decision upon the facts of his case from the judge who hears the evidence . . . ." (*Guardianship of Sullivan* (1904) 143 Cal. 462, 467 [77 P. 153].) "He cannot be compelled to accept a decision upon the facts from another judge" who did not preside at the hearing. (*Ibid.*) But here it was not even a second judge, it was the Commission's law firm.

■ The unfairness is evident. The law firm wore two hats. On the one hand, it substituted for Lange and completed his case. On the other, it acted as legal counsel for the Commission, appeared with the commissioners and advised them to sustain the firm's actions. This is a patent conflict of interest. The law firm could not balance its duty of loyalty to the Commission as its counsel, with the obligation to be a neutral fact finder for Absmeier. Seven witnesses testified for Absmeier at the administrative hearing, but the decision contains no summary of their testimony. The law firm essentially disregarded that testimony and credited the testimony of the District's witnesses, even though it never presided over any administrative hearing and did not observe their demeanor.

### *Jurisdictional Error*

■ Here the error cannot be classified as harmless. It involves the Commission's jurisdiction to proceed and render the final administrative decision. Respondents initially determined that the case required the appointment of an ALJ for reasons of fairness. Consequently, when the Commission decided that a decision could not be rendered by Lange, it had the authority and duty to appoint another ALJ to conduct a new hearing. (Ed. Code, § 45312.) "When due process requires a hearing, the adjudicator must be impartial. Speaking of trials before judges, the United States Supreme Court has declared that '[a] fair trial in a fair tribunal is a basic requirement of due process.' [Citation.] Speaking of administrative hearings, and articulating the procedural requirements 'demanded by rudimentary due process' in that

setting, the court has said that, 'of course, an impartial decision maker is essential.' " (*Haas v. County of San Bernardino, supra,* 27 Cal.4th at p. 1025.) The appointment of the law firm was unauthorized. "Failure to provide an administrative law judge where one is required is a ground for nullifying the agency's action for lack of jurisdiction." (*Usher v. County of Monterey, supra,* 65 Cal.App.4th at p. 219.) "In such a case the reviewing court should remand the matter to the agency for further consideration." (*Ibid.*)

We have reviewed the parties remaining contentions and we conclude they will not change the result.

The judgment is reversed. On remand the trial court shall order the Commission to set aside its decision and appoint an ALJ or hearing officer to conduct a new hearing. Costs on appeal are awarded in favor of appellant.

Yegan, J., and Coffee, J., concurred.

A petition for rehearing was denied June 29, 2011, and the opinion was modifed to read as printed above.